# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

NICHOLAS A. COX,

                **Plaintiff,**

                                                          **CIVIL ACTION**

v.

                                                          **No: 12-2678-KHV-GLR**

ANN (LNU), et al.,

                **Defendants.**

## MEMORANDUM AND ORDER

The Court has under consideration two motions filed by *pro se* Plaintiff Nicolas Cox (Cox or Plaintiff) – a Motion to Compel Cited Case Law (ECF No. 22) and a Motion for Appointment of Counsel (ECF No. 32). The Court also considers Defendant Sheriff's Motion for Leave to File Surreply to Plaintiff's Reply in Support of his Motion to Compel Case Law (ECF No. 39). For the reasons set out below, the Court denies all three motions.

## I.    Relevant Factual Background

Plaintiff *pro se* commenced this action by filing a civil complaint in state court. On October 18, 2012, Defendant Frank Denning (Sheriff) filed a notice of removal and paid the filing fee in this case. Defendants have moved to dismiss this action. Plaintiff has thereafter filed various responses and motions, including the two motions under consideration. Defendants oppose both motions[1] and Plaintiff has filed reply briefs.[2] In response to a reply brief related to the motion to compel,

---

[1] *See* ECF Nos. 24 (opposing motion to compel), 29 (same), 36-38 (opposing motion for appointment).

[2] *See* ECF No. 34, 40, and 43.

Defendant Sheriff has moved for leave to file a surreply.[3] Plaintiff has responded to that motion.[4] All three motions are ripe for ruling.

## II. Motion for Leave to File Surreply

The Sheriff seeks to file a surreply because Plaintiff asserts new allegations and arguments in his reply to the Sheriff's response to the motion to compel case law.[5] He wants the Court to consider his surreply "[t]o the extent the Court feels clarification of these allegations is pertinent."[6] Plaintiff opposes the motion.[7]

In general, the Court "summarily denies or excludes all arguments and issues first raised in reply briefs."[8] In extraordinary circumstances, the Court may alternatively grant leave to file a surreply on a showing of good cause.[9] In this instance the Court finds no good cause for a surreply. It finds no need for clarification of Plaintiff's new allegations. It can simply summarily deny or exclude the new arguments, if that is warranted. The newly asserted arguments, moreover, have no obvious merit to save the motion to compel case law from denial. There is no need for additional briefing on the arguments asserted in the reply brief. Accordingly, the Court denies the motion to file a surreply as unnecessary.

---

[3] *See* ECF No. 39.

[4] *See* ECF No. 42.

[5] *See* ECF No. 39.

[6] *See id.*

[7] *See* ECF No. 42.

[8] *Mike v. Dymon, Inc.*, No. Civ.A. 95-2405-EEO, 1996 WL 427761, at *2 (D. Kan. July 25, 1996) (citation and internal quotation marks omitted).

[9] *Id.*

III.     **Motion to Compel Case Law**[10]

Plaintiff seeks to compel defendants to provide him copies of all case law cited in their court filings. He argues he has no access to unpublished case law or to federal court reporters. He contends that he needs access to cited cases to effectively construe arguments and identify distinguishing facts. He directs the Court to a decision in Case No. 12-CV-2571-KHV-DJW in which Magistrate Judge Waxse granted a similar motion.

Defendants, on the other hand, cite a prior nearly identical action by Cox (Case No. 12-CV-2454-EFM-JPO), in which Magistrate Judge O'Hara denied the same type of motion. They argue that despite Plaintiff's professed lack of access to case law, he has cited to cases in his filings in this case and his others. They also submit a list of the legal materials available at Plaintiff's detention facility and a copy of Inmate Orientation Guidelines that provides a process for inmates to obtain legal materials from the Johnson County Law Library. Defendant Sheriff also argues that Plaintiff has no right to case law.

   **A. Prior Rulings on Similar Motions**

In August 2012, Judge O'Hara denied a similar motion, because Cox had failed to show that he was unable to access case law that he wanted produced.[11] The entire motion in that case stated:

> Comes Now, the plaintiff Nicholas A. Cox pro se and pursuant to chapter 60 of the Kansas Statutes Annotated that the defendants produce to the Plaintiff the following:

---

[10]Although labeled as a motion to compel by the *pro se* movant, it is not a motion to compel disclosure or discovery under Fed. R. Civ. P. 37. Plaintiff does not invoke Rule 37. And the label used on the motion does not require consideration of Rule 37, even though in most instances motions to compel are considered under that rule. For the instant motion to compel, there is no reason to address arguments for denying it as a discovery motion.

[11]*See Cox v. Denning (Cox I)*, No. 12-2454-EFM, unpub. ord. (D. Kan. Aug. 23, 2012).

3

      1.) A copy or inspection of any case law cited in its entirety. This includes a copy or inspection any lower court or higher court holdings or that case being cited.
      2.) Plaintiff does not have access to case law search engines or complete Shepards citations to access case law freely.
The Plaintiff prays the court grant this request.[12]

In a related motion to compel discovery in that case, Cox stated that his holding facility lacked "federal court reporters."[13]

In a later attempt to obtain case law in a second case, Cox provided enough information about his alleged inability to access cases to warrant requiring the defendants to show that he had reasonable access to the cases sought.[14] In this second motion, Cox affirmatively stated that "[t]he jail law library doesn't have any federal court reporters;" his access "to case law is limited to small excerpts in the United States Code;" he lacked access to unpublished decisions quoted by the defendants; and he had "no visible future access" to the case law cited by defendants.[15] When the defendants failed to carry their burden regarding reasonable access to the cases sought, Judge Waxse granted the motion to compel case law.[16]

In granting the motion, Judge Waxse conducted a two-pronged analysis by first considering whether the cited cases were published or unpublished.[17] Relying on D. Kan. Rule 7.6(c) and a

---

[12]Mot. to Compel (ECF No. 28 in *Cox I* and originally filed in state court prior to removal).

[13]Mot. Compel Discovery (*Cox I* ECF No. 37). Judge O'Hara denied this motion as moot upon denying the earlier filed motion to compel. *See* Order of Aug. 23, 2012 (*Cox I* ECF No. 41).

[14]*See Cox v. Denning (Cox II)*, No. 12-2571-KHV-DJW, 2012 WL 5877528, at *1-3 (D. Kan. Nov. 20, 2012).

[15]*See* Mot. Compel (*Cox II* ECF No. 20).

[16]*See Cox II*, 2012 WL 5877528, at *1-3.

[17]*See id.*

4

request by Cox for cited unpublished decisions,[18] Judge Waxse ordered the defendants to provide Cox with a copy of all electronically-available unpublished decisions cited in their motions to dismiss and related memoranda.[19] With respect to published decisions, Judge Waxse began his analysis by recognizing that no federal or local rule in the District of Kansas requires a party to furnish such decisions to opposing parties.[20] But because the movant was an inmate in the custody of the defendant Sheriff, Judge Waxse further recognized that a lack of access to cited case law might implicate the movant's constitutional right of access to the courts.[21] Accordingly, he required the Sheriff to either provide Cox with copies of all published cases cited in support of filed motions to dismiss or provide him "with a reasonable means to obtain these cases."[22] Before doing so, however, Judge Waxse stressed the failures of the Defendant Sheriff to (1) identify the legal research resources available to inmates; (2) dispute the allegation that the jail law library does not have any federal court reporters or that Plaintiff lacked access to cited cases; and (3) provide anything to refute Plaintiff's lack of access allegations.[23]

---

[18] For unpublished decisions that are available on electronic databases such as Westlaw and LEXIS, Rule 7.6(c) discourages parties from filing them with the Court and provides that the parties "should furnish" them "to opposing parties only upon request." The rule also requires parties to attach cited unpublished decisions to their briefs or memoranda, if the decisions are unavailable electronically.

[19] *See Cox II*, 2012 WL 5877528, at *1.

[20] *See id.* at *2.

[21] *See id.*

[22] *See id.* at *3.

[23] *See id.*

**B. Implications of Prior Rulings**

The two prior rulings on similar motions to compel case law show that the Court may compel a party to provide cited cases when a *pro se* prisoner movant provides sufficient information that he lacks access to needed cases due to no fault of his own and the opposing parties fail to show that he has reasonable access. The federal courts have the inherent authority to enforce their procedural rules.[24] Federal judges, furthermore, "may regulate practice in any manner consistent with federal law, rules adopted under 28 U.S.C. §§ 2072 [(federal rules of evidence and procedure)] and 2075 [(federal bankruptcy rules)], and the district's local rules."[25]

Compelling a party to provide unpublished decisions cited in their briefs or memoranda is a proper exercise of the Court's inherent authority to enforce its local rules. In addition, because there is nothing inconsistent with any federal law or rule or the local rules of this Court about compelling a party to provide published decisions to a *pro se* inmate who lacks reasonable access to them, a judge may properly require such production through the general authority to regulate practice pursuant to Fed. R. Civ. P. 83(b). Whether to exercise its inherent authority to enforce its local rules or to otherwise compel a party to provide cases in a given situation is ultimately within the sound discretion of the Court.

The instant motion represents the third stage in the evolution of the briefing by the parties on this type of motion. From the early denial of his first motion by Judge O'Hara, Cox provided additional information so as to avoid a summary denial in *Cox II*. As in his second motion, Cox here states that he has "no access to unpublished case law and Federal Court Reporters." While the

---

[24]*See Ortega-Rodriguez v. United States*, 507 U.S. 234, 257 (1993).

[25]Fed. R. Civ. P. 83(b).

6

second motion also contains important information omitted from the current motion, Cox compensates for the omission by directing the Court to the decision by Judge Waxse. Notably, neither his place of incarceration nor his stated access to cases changed between his second motion and the third one now under consideration. The granting of the second motion has prompted the defendants, particularly the Sheriff, to provide greater support for opposing this type of motion.[26] Consequently, although Plaintiff has here provided enough information to avoid a quick and summary denial, Defendants have corrected the deficiencies noted by Judge Waxse, so as to distinguish his decision from the facts of the instant motion.

### C. Ruling on Instant Motion

The Sheriff argues that Cox has no constitutional right to case law and that fact completely disposes of the instant motion. Given the magnitude of the argument, the Court addresses it first.

Prisoners have a constitutional right to access the courts.[27] But the right is limited and simply requires "prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."[28] No particular methodology is guaranteed – only "the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts."[29] The right to access to courts neither requires "unlimited access to a law library" nor allows inmates "the right to select the

---

[26]The Sheriff admits that "Magistrate Judge Waxse had very little information before him regarding Plaintiff's ability to access federal case law," because counsel did not convey sufficient information to the Court in that case. *See* ECF No. 29 at 4 & n.2.

[27]*See Bounds v. Smith*, 430 U.S. 817, 821 (1977).

[28]*Id.* at 828.

[29]*Lewis v. Casey*, 518 U.S. 343, 356 (1996).

method by which access will be provided."[30] The right

> does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.[31]

There is no right that "prisoners (literate or illiterate) be able to conduct generalized research, but only that they be able to present their grievances to the courts – a more limited capability that can be produced by a much more limited degree of legal assistance."[32]

From these general principles, the Court finds no generalized right to case law cited by opponents in this action. From the information provided by Defendants, moreover, it appears that Plaintiff is afforded meaningful access to the courts consistent with *Bounds* and *Lewis*. These findings, however, do not necessarily resolve the motion. Regardless of Plaintiff's right to access the courts, the Court retains its general authority to regulate practice pursuant to Fed. R. Civ. P. 83(b) and its inherent authority to enforce local rules such as D. Kan. Rule 7.6(c).

Applying the two-pronged analysis used in *Cox II*, the Court next addresses whether it should compel any defendant to provide unpublished case law to Plaintiff. By its terms, D. Kan. Rule 7.6(c) requires parties to attach cited unpublished decisions to their briefs or memoranda, if the decisions are unavailable electronically. Consequently, a filing itself will exhibit whether the filer has complied with the local rule for those types of unpublished decisions. Plaintiff has identified no non-

---

[30]*Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10th Cir. 1996) (citations omitted).

[31]*Lewis*, 518 U.S. at 355.

[32]*Id.* at 360.

compliance with this aspect of Rule 7.6(c). It is not the function of the Court to hunt through prior filings for cited unpublished decisions that must be attached pursuant to Rule 7.6(c).[33] Nor is it proper for the Court to anticipate future non-compliance with Rule 7.6(c) by issuing an order compelling compliance. The rule itself provides sufficient incentive and duty to attach unpublished decisions that are unavailable electronically. The Court denies the motion to compel case law to the extent Plaintiff seeks to compel Defendants to produce unidentified unpublished decisions that are not available electronically. To properly compel such production, the movant must identify a specific brief or memoranda filed in non-compliance with Rule 7.6(c) and point out the specific case or cases that should be produced. Plaintiff has not done so in this instance.

D. Kan. Rule 7.6(c) separately addresses unpublished decisions that are electronically available as follows: "But parties should not furnish electronically-available decisions to the court. Parties should furnish electronically-available unpublished decisions to opposing parties only upon request." The Court first notes that Plaintiff made no apparent request for unpublished decisions until he filed his motion to compel. While the Court may consider the implicit request within the motion as sufficient to compel compliance with Rule 7.6(c), the rule does not contemplate any duty or obligation to provide electronically-available unpublished decisions absent a request for them. Generally, to allow a party to "compel" such unpublished decisions under Rule 7.6(c) without a **prior** request is unwarranted. In most cases there is no legitimate basis to compel electronically-available unpublished decisions under Rule 7.6(c), until an opposing party has refused a specific request for them. A situation typically does not exist without a request for the decisions prior to

---

[33]Of course, when the Court finds such omissions in the normal course of considering a particular filing, it may take appropriate action.

filing the motion to compel. In general, therefore, to properly resort to the Court to compel compliance with D. Kan. Rule 7.6(c), the movant must show a prior request to the opposing party or parties made in a good faith attempt to obtain the unpublished decisions. But when an inmate lacks access to electronically available unpublished opinions and has informed the other parties of his desire for the production of such unpublished opinions, the request requirement of Rule 7.6(c) appears sufficiently satisfied. Each of the Defendants in this action were included in at least one of the other actions by Cox and are aware of his desire for unpublished decisions.

Though Plaintiff has thus complied with the request requirement, his motion lacks a specific identification of any unpublished decision to which he lacks access. In light of the prior court order to provide unpublished opinions, furthermore, he may have access to unpublished decisions produced in *Cox II*. Rule 7.6(c) does not contemplate unfettered access to a new copy of an unpublished opinion each time it is cited. While the Court has the inherent authority to enforce its local rules, the intent behind the rule appears to be two-fold: (1) not inundating an opposing party with unwanted unpublished decisions that are available to the party through established electronic databases and (2) providing an avenue to obtain such decisions upon request, when the only other reasonable access is through the electronic provider. Parties should utilize common sense and courtesy in making requests under Rule 7.6(c). The rule does not justify unnecessary requests or abusive tactics. A request is unwarranted, when the requestor already has reasonable access to a copy of the unpublished decision sought.[34] For these reasons, the Court denies the motion to compel

---

[34]Notably, by filing a motion to compel compliance, the movant certifies the motion "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." *See* Fed. R. Civ. P. 11(b)(1). If a party seeks to compel unpublished decisions that the movant already possesses, the Court could find that the motion was improperly presented so as to needlessly increase the cost of litigation.

to the extent it seeks to require Defendants to produce unpublished decisions that are available through electronic providers.

Although no federal or local rule, including Rule 7.6(c), addresses providing copies of published decisions to an adversary, the Court may exercise its discretion under Fed. R. Civ. P. 83(b) to regulate such production. In *Cox II*, Judge Waxse ordered the Sheriff to provide Cox with copies of all published cases cited or provide him "with a reasonable means to obtain the cases."[35] As already mentioned, Defendants here have provided much more information regarding Plaintiff's alleged lack of access to courts than was provided in *Cox II*. Based on the submitted listing of library materials available at Plaintiff's detention facility and the availability to obtain other legal materials from the Johnson County Law Library, the Court finds that Plaintiff has a reasonable means to obtain the published case law that he desires. Consequently, the Court finds no basis to compel any defendant to provide published case law to Plaintiff.

In reply briefs Plaintiff asserts various new arguments in support of compelling case law: (1) the slowness of the intra-library loan system makes it inadequate, (2) he gives priority to his pending criminal action for his library time, (3) he almost made a grave error in dismissing Case No. 12-CV-245 due to lack of access to case law, (4) Defendants can provide copies of electronically available decisions with permission from the provider of the electronic services, (5) he should not have to pay for access to the courts, (6) he receives only two hours of library time per week, and (7) the Johnson County Law Library will only accept five requests for case law per week from inmates and such requests are limited to five cases each.[36] As noted in a prior section, the Court can simply

---

[35] *See Cox II*, 2012 WL 5877528, at *3.

[36] *See* ECF Nos. 34 and 40.

summarily deny or exclude these arguments.

But some discussion of the arguments appears warranted in view of the relative novelty of the motion and the fact that its evolution and briefing spans three cases filed by Cox. And, in any event, none of them appear sufficient to affect the decision to deny the motion to compel case law. Most of them appear to address Plaintiff's constitutional right to access the courts. While that right is relevant to the instant motion, it is not determinative. A claim of insufficient time in the prison law library does not of itself show a lack of access to the courts.[37] When an inmate has counsel for a pending action, he has adequate access to the courts without regard to the sufficiency of the law library.[38] Furthermore, with respect to Arguments 1 and 7, Rule 6(b) of the Federal Rules of Civil Procedure provides an adequate basis to seek appropriate extensions of time to respond to motions. Arguments 2 and 7 also appear to address time-management issues, rather than legitimate reasons to compel Defendants to produce cited case law. The alleged grave error mentioned in Argument 3 likewise provides no basis to compel Defendants to provide case law. As to Argument 4, the fact that Defendants have the ability to provide copies of case law with permission does not mean they must do so or that the Court should compel them to do so. Lastly, inmates – even indigent ones – may be required to pay various fees associated with accessing the courts.[39] The intra-library loan

---

[37] *See McKeighan v. Corr. Corp. of Am.*, No. 08-3173-SAC, 2008 WL 3822892, at *4 (D. Kan. Aug. 13, 2008).

[38] *See id.* Standby counsel has been appointed for Cox in his pending criminal action. *See* Decl. Cox, attached to ECF No. 42.

[39] *See* 28 U.S.C. § 1915(b)(1) (requiring prisoners to pay the full amount of the filing fees even if granted permission to proceed *in forma pauperis*). As noted in the next section, the Court has not granted Plaintiff *in forma pauperis* status in this action. Based upon prison financial information provided by the Sheriff in response to the motion for appointment of counsel, Plaintiff has had significant funds in his inmate account during 2012. *See* Ex. A-1 (ECF No. 36-2). Such

process in place at Plaintiff's holding facility addresses an inmate's inability to pay.[40] The arguments raised in the reply briefs warrant no further comment.

As already noted, the Court finds no generalized right to case law required by the Constitution. There is no constitutional right to conduct generalized research. Plaintiff seeks an ability to litigate his case that goes beyond his right to access the courts. Defendants in this action have corrected the briefing deficiencies noted in *Cox II* that impacted the decision to compel production of case law. In *Cox II*, moreover, the Court ordered the Sheriff to provide Plaintiff with copies of all published cases cited only as an alternative to providing him "with a reasonable means to obtain the cases." Given the information now before the Court regarding library materials available to Plaintiff and his access to other legal materials from the Johnson County Law Library, it appears that he has a reasonable means to obtain published case law. He has shown no non-compliance or lack of access to unpublished decisions that may have been cited in prior filings in this case. Accordingly, the motion to compel case law is denied in its entirety.

## IV. Motion for Appointment of Counsel

In general, there is no constitutional right to appointment of counsel in a civil case.[41] For

---

funds suggest that Plaintiff may have assets outside of the prison context that would preclude *in forma pauperis* status.

[40]The process requires payment for copies. *See* Ex. C-2, attached to ECF No. 24-3. For indigent inmates, "the cost will be charged to and deducted from [their inmate] account when [they] have money." *Id.*

[41]*See Nelson v. Boeing Co.*, 446 F.3d 1118, 1120-22 (10th Cir. 2006) (noting that "the only context in which courts have recognized a constitutional right to effective assistance of counsel in civil litigation is in immigration cases" and declining to recognize a right to counsel in a Title VII context); *Sandle v. Principi*, 201 F. App'x 579, 582 (10th Cir. 2006) ("There is no constitutional right to counsel in either a Title VII case or other civil case."); *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992) (holding that there is no constitutional right to counsel in Title

parties proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(1) provides discretionary authority to "request an attorney to represent any person unable to afford counsel."[42] The provision, however, is limited to persons proceeding *in forma pauperis*[43] and does not provide a statutory right to counsel.[44]

In this case removed from state court, Plaintiff is not proceeding *in forma pauperis*.[45] Nor has he moved to proceed *in forma pauperis*. Although he has submitted a declaration in support of

---

VII case); *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) ("There is no constitutional right to appointed counsel in a civil case.").

[42]While courts sometimes use the term "appoint" when referring to § 1915(e)(1), the more appropriate terminology is request. *See Mallard v. U.S. Dist. Ct. S. Dist. Iowa*, 490 U.S. 296, 300-09 (1989) (emphasizing that § 1915(d), the predecessor to § 1915(e)(1), does not provide for compulsory appointment of counsel). Before being renumbered and amended in 1996, § 1915(d) provided: "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." *See id.* at 298. Even though "§ 1915(e) does not authorize the district court to require an unwilling attorney to represent an indigent defendant in a civil case, it does allow the court to make an appropriate request that legal assistance be provided." *Loftin v. Dalessandri*, 3 F. App'x 658, 663 (10th Cir. 2001) (citing *Mallard*).

[43]*See Witherspoon v. Wyandotte Cnty., Kan.*, No. 08-2315-JAR-DJW, 2008 WL 4148626, at *2 (D. Kan. Sept. 3, 2008). The Tenth Circuit also seems to limit the applicability of § 1915(e)(1) to persons proceeding in forma paupers under § 1915. *See Sandle v. Principi*, 201 F. App'x 579, 582 (10th Cir. 2006); *Abu-Fakher v. Bode*, 175 F. App'x 179, 185 (10th Cir. 2006). While determining that § 1915(e)(2) only applies in the context of in forma pauperis proceedings, the Sixth Circuit noted that to its "knowledge no other part of § 1915 has been applied to actions not pursued in forum pauperis." *Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999). This Court concurs with that notation. It seems odd to consider, furthermore, that Congress would provide a broad authority for attorney representation in a specific provision titled "Proceedings in forma pauperis."

[44]*See, e.g.*, *Leo v. Garmin Int'l.*, No. 10-2495-JTM, 2010 WL 4174643, at *1 (D. Kan. Oct. 20, 2010); *Patterson v. Davita Dialysis*, No. 09-2131-JAR-GLR, 2009 WL 902406, at *1 (D. Kan. Mar. 31, 2009).

[45]Plaintiff did, however, submit a "Poverty Affidavit" in state court. *See* State Court Records (ECF No. 10-1) at 9.

14

his motion for appointment in which he declares that he is "broke" and has "no money or assets for anything",[46] the declaration does not appear sufficient to qualify as the affidavit required by 28 U.S.C. § 1915(a)(1). It certainly does not qualify as a motion to proceed *in forma pauperis*.[47] "Because Plaintiff is not proceeding in forma pauperis in this action, § 1915(e)(1) provides no basis for the Court to request an attorney to represent h[im]."[48]

The Court would also deny the motion, were it to find that Plaintiff qualified for *in forma pauperis* status under § 1915(e)(1). That provision provides the courts broad discretion to request counsel to provide representation.[49] When deciding whether to request an attorney to represent an indigent party under § 1915(e)(1), the courts evaluate the merits of the litigant's claims, "the nature and complexity of the factual and legal issues," and the litigant's ability to investigate the facts and present the claims.[50] The party seeking counsel under § 1915(e)(1) has the burden "to convince the court" that asserted claims have sufficient merit to warrant the Court requesting an attorney to represent the movant.[51]

To warrant appointment of counsel, Plaintiff must affirmatively show that he asserts

---

[46]*See* Ex. A attached to Reply.

[47]Prisoners seeking to proceed *in forma pauperis* must also submit a certified copy of their inmate trust fund account statement or institutional equivalent. *See* 28 U.S.C. § 1915(a)(2).

[48]*Rand v. Wolf Creek Nuclear Operating Corp.*, No. 11-4136-KHV, 2012 WL 1154509, at *3 (D. Kan. Apr. 5, 2012).

[49]*Pinson v. Equifax Credit Info. Servs., Inc.*, 316 F. App'x 744, 749 (10th Cir. 2009).

[50]*Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

[51]*Id.*

15

meritorious claims. But he has made no attempt to demonstrate the merits of his claims in his motion for appointment. Consequently, the Court is left to consider his complaint, which has resulted in the filing of multiple pending motions to dismiss by the defendants and a currently pending motion to amend. At this point it appears premature to find the complaint to have such merit as to warrant appointment of an attorney to represent Plaintiff. At this early stage of the litigation the merits of Plaintiff's claims appear uncertain. In light of the information before it, the Court does not find that Plaintiff has carried his burden to show that his claims are of such merit as to warrant his request for appointment of an attorney.

Nothing before the Court, moreover, suggests that Plaintiff needs an attorney to adequately present his case. The factual and legal issues do not appear to be complex. Plaintiff has shown no reason why he cannot adequately research and investigate the case on his own. His pleadings and written submissions reflect an understanding of court rules and procedures. As already found, he has reasonable access to a law library and its materials. At this stage of the proceedings, it is unclear if the evidence in this case will include conflicting testimony so as to require skill in the presentation of evidence and cross-examination or whether the appointment of counsel will shorten trial or assist in a just determination.[52]

## V.     Conclusion

For the foregoing reasons, the Court denies the Motion to Compel Cited Case Law (ECF No. 22), the Motion for Appointment of Counsel (ECF No. 32), and Defendant Sheriff's Motion for Leave to File Surreply to Plaintiff's Reply in Support of his Motion to Compel Case Law (ECF No.

---

[52]As briefly noted earlier, Cox has stand-by counsel for his pending criminal action. He is otherwise representing himself in that action, and specifically declares under the penalty of perjury that he "can put a better defense up than any lawyer." *See* Decl. Cox, attached to ECF No. 42.

39). It denies the motion for appointment of counsel without prejudice to Plaintiff filing a similar motion, if he survives summary dismissal. If the case proceeds to trial, furthermore, the Court may on its own motion reconsider if circumstances warrant a request for counsel to represent Plaintiff at that time.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 14th day of February, 2013.

<u>S/Gerald L. Rushfelt</u>
Gerald L. Rushfelt
United States Magistrate Judge