**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**NICHOLAS A. COX,**

**Plaintiff,**

                                                            **CIVIL ACTION**

**v.**

                                                            **No:  12-2678-KHV-GLR**

**ANN (LNU), et al.,**

**Defendants.**

**MEMORANDUM AND ORDER**

The Court has before it a Motion for Leave to Amend Complaint (ECF No. 27).  Plaintiff thereby seeks leave to assert new claims and to add new defendants.  The current defendants oppose the proposed amendment solely on grounds of futility.  For the following reasons the Court grants the motion.

**I.       Relevant Factual Background**

Plaintiff *pro se* commenced this action by filing a civil complaint in state court.  On October 18, 2012, Defendant Frank Denning (Sheriff) filed a notice of removal and paid the filing fee in this case.  The Defendants have moved to dismiss this action, and Plaintiff has thereafter filed various responses and the motion to amend here under consideration.  Defendants oppose the motion to amend[1] and Plaintiff has filed reply briefs.[2]  The motion is ripe for ruling.

**II.      Legal Standard Applicable to Motion for Leave to Amend**

Parties may amend pleadings "once as a matter of course" before trial if they do so within (A) twenty-one days of serving the pleading or (B) "if the pleading is one to which a responsive pleading is required," twenty-one days of service of a responsive pleading or a motion under Fed.

---

[1]*See* ECF Nos. 28 (filed by Defendants Ann (LNU); Correct Care Solutions, LLC; and Valerie Rethaford), 31 (filed by Defendant Pattism, also known as Keith Pattison), 35 (filed by Defendant Denning).

[2]*See* ECF Nos. 33 and 41.

R. Civ. P. 12(b), (e), or (f), whichever is earlier.[3]  Other amendments before trial are allowed "only with the opposing party's written consent or the court's leave."[4]  Courts "should freely give leave when justice so requires."[5]  Rule 15 is intended "to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'"[6]

Courts may deny leave to amend, however, based on "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."[7]  "Absent flagrant abuse, bad faith, futility of amendment, or truly inordinate and unexplained delay, prejudice to the opposing party is the key factor in deciding a motion to amend."[8]  In fact, the prejudice factor is the "most important" consideration in the decision.[9]  Typically, courts "find prejudice only when the amendment unfairly affects" a party's ability to prosecute or defend the lawsuit.[10]  This most often occurs when the amendment "raise[s] significant new factual issues" or arises from a different theory or subject matter than previously asserted.[11]  To justify denying

---

[3] Fed. R. Civ. P. 15(a)(1).

[4] Fed. R. Civ. P. 15(a)(2).

[5] *Id.*; *accord Foman v. Davis*, 371 U.S. 178, 182 (1962).

[6] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).

[7] *Id.* (quoting *Foman,* 371 U.S. at 182).

[8] *Rubio ex rel. Z.R. v. Turner Unified Sch. Dist. No. 202*, 453 F. Supp. 2d 1295, 1307 (D. Kan. 2006).

[9] *Minter*, 451 F.3d at 1207.

[10] *Id.* at 1208.

[11] *Id.*; *accord Acker v. Burlington N. & Santa Fe R. Co.,* 215 F.R.D. 645, 654 (D. Kan. 2003) (stating that prejudice means undue difficulty in prosecuting or defending a lawsuit due to "a change of tactics or theories on the part of the other party") (quoting *Heslop v. UCB, Inc.*, 175 F. Supp. 2d

leave to amend, the proposed amendment must "work an injustice" to an opposing party.[12] The party

opposing the amendment has the burden to show a basis for denial.[13]

Whether to allow a proposed amendment, after the permissive period, addresses the sound

discretion of the court.[14] "In exercising its discretion, the court must be mindful that the Federal

Rules of Civil Procedure are designed to facilitate decisions on the merits rather than on pleading

technicalities."[15]

## III.    Analysis

Defendants oppose the proposed amendment solely on grounds of futility. In such circum-

stances, the Court may properly exercise its discretion to allow the amendment when the party

opposing it will have an opportunity to challenge the sufficiency of newly added claims through a

motion to dismiss.[16] Upon the filing of the amended complaint, Defendants would have an oppor-

tunity under Fed. R. Civ. P. 12(b) to seek dismissal of any claims they now allege to be futile.

Allowing the filing of an amended complaint in these circumstances comports with the liberal

amendment policy of Fed. R. Civ. P. 15(a) without creating prejudice against the opposing party.

At this early stage of the litigation the Court believes the better course is to allow the amended

complaint and address the legal sufficiency of the allegedly futile claims on properly filed motions

---

1310, 1313 (D. Kan. 2001)).

[12]*United States v. Sturdevant*, No. 07-2233-KHV-DJW, 2008 WL 4198598, at *3 (D. Kan. Sept. 11, 2008) (quoting *Koch v. Koch Indus.*, 127 F.R.D. 206, 209-10 (D. Kan. 1989)).

[13]*See, e.g., Acker,* 215 F.R.D. at 654 (prejudice); *Carefusion 213, LLC v. Prof'l Disposables, Inc.*, Civ. A. No. 09-2616-KHV-DJW, 2010 WL 4004874, at *5 (D. Kan. Oct. 12, 2010) (futility).

[14]*See Foman,* 371 U.S. at 182; *Wilkerson v. Shinseki*, 606 F.3d 1256, 1268 (10th Cir. 2010); *Minter*, 451 F.3d at 1204.

[15]*Collins v. Wal-Mart, Inc.*, 245 F.R.D. 503, 507 (D. Kan. 2007).

[16]*See Tommey v. Computer Sciences Corp.*, No. 11-2214-EFM, 2012 WL 646022, at *2 (D. Kan. Feb. 28, 2012).

to dismiss.

Accordingly, the Court grants the Motion for Leave to Amend Complaint (ECF No. 27). The Clerk of the Court is hereby directed to electronically file the Amended Complaint that is attached as Exhibit A to the motion.

**IT IS SO ORDERED.**

**Dated in Kansas City, Kansas on this 4th day of April, 2013.**


S/Gerald L. Rushfelt
**Gerald L. Rushfelt**
**United States Magistrate Judge**