# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

NICHOLAS A. COX,

                Plaintiff,

                                                         CIVIL ACTION

v.

                                                             No: 12-2678-KHV-GLR

ANN (LNU), et al.,

                Defendants.

## MEMORANDUM AND ORDER

The Court has under consideration three motions filed by *pro se* Plaintiff Nicolas Cox (Cox or Plaintiff) – a Motion to Proceed *In Forma Pauperis* (ECF No. 77); a Motion for Appointment of Counsel (ECF No. 78); and Plaintiff's Request for Defendant Keith Pattison to Answer Petition (ECF No. 85), which has been filed and docketed as a motion. For the reasons set out below, the Court grants the motion to proceed *in forma pauperis* and denies the other two motions.

**I.    Relevant Factual Background**

Plaintiff *pro se* commenced this action by filing a civil complaint in state court. On October 18, 2012, Defendant Frank Denning (Sheriff or Denning) filed a notice of removal and paid the filing fee in this case. The Court has issued rulings on several motions filed by Plaintiff in this action, including denying a prior motion to appoint counsel (ECF No. 32). In April 2013, the Court granted Plaintiff leave to file an amended complaint. That amendment rendered moot multiple motions to dismiss. Plaintiff thereafter filed a motion to compel discovery.[1] Various defendants have filed answers to the amended complaint,[2] and motions for protective order regarding discovery.[3] Follow

---

[1] *See* ECF No. 59.

[2] *See* ECF Nos. 60 (Defendant Pattism, a.k.a. Keith Pattison), 65 (Defendants Ann (LNU); Correct Care Solutions, LLC; Nurse R. (90061);, and Valerie Rethaford), 69 (Defendants Denning

ing these filings, Plaintiff sought to proceed *in forma pauperis*, appointment of counsel, and an order directing Defendant Pattison to answer his complaint. No party has responded to these three latter motions.

## II. Request to Order Answer

Pursuant to Fed. R. Civ. P. 12(a)(4)(A), Plaintiff requests that Defendant Keith Pattison be ordered to answer his complaint. That rule, however, merely addresses the effect of a motion to dismiss on the timing of a responsive pleading. The Court found the motions to dismiss moot, because Plaintiff was granted leave to file an amended complaint. The filing of the amended complaint commences the deadline for filing a responsive pleading.[4] That filing eliminated any need to file a responsive pleading to the original complaint. Moreover, Defendant Pattism, also known as Keith Pattison, filed his answer to the amended complaint on April 10, 2013. For these reasons, the Court denies as moot the request to order Keith Pattison to answer the complaint.

## III. Motion to Proceed *In Forma Pauperis*

Pursuant to 28 U.S.C. § 1915, Plaintiff seeks leave to proceed with this litigation *in forma pauperis*. He has provided a declaration in support of the motion in which he declares that he has no source of income and does not own any valuable property. He also provides an account summary of his inmate commissary account, which shows that he owes $241.25 to the jail for various expenses. Based on the information provided, the Court grants Plaintiff leave to prosecute this action *in forma pauperis*.

---

and Deputy Sgt. Dvorak).

[3]*See* ECF Nos. 73 and 76.

[4]*See* Fed. R. Civ. P. 15(a)(3).

**IV.    Motion for Appointment of Counsel**

In general, there is no constitutional right to appointment of counsel in a civil case.[5] For parties proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(1) provides discretionary authority to "request an attorney to represent any person unable to afford counsel."[6] The provision, however, does not provide a statutory right to counsel.[7]

In this case removed from state court, Plaintiff did not commence this action *in forma pauperis*. But the Court has granted him leave to prosecute this action *in forma pauperis*. Section 1915(e)(1) thus provides a basis for the Court to request an attorney to represent him. It bestows broad discretion for courts to request counsel to provide representation.[8] When deciding whether

---

[5] *See Nelson v. Boeing Co.*, 446 F.3d 1118, 1120-22 (10th Cir. 2006) (noting that "the only context in which courts have recognized a constitutional right to effective assistance of counsel in civil litigation is in immigration cases" and declining to recognize a right to counsel in a Title VII context); *Sandle v. Principi*, 201 F. App'x 579, 582 (10th Cir. 2006) ("There is no constitutional right to counsel in either a Title VII case or other civil case."); *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992) (holding that there is no constitutional right to counsel in Title VII case); *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) ("There is no constitutional right to appointed counsel in a civil case.").

[6] While courts sometimes use the term "appoint" when referring to § 1915(e)(1), the more appropriate terminology is request. *See Mallard v. U.S. Dist. Ct. S. Dist. Iowa*, 490 U.S. 296, 300-09 (1989) (emphasizing that § 1915(d), the predecessor to § 1915(e)(1), does not provide for compulsory appointment of counsel). Before being renumbered and amended in 1996, § 1915(d) provided: "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." *See id.* at 298. Even though "§ 1915(e) does not authorize the district court to require an unwilling attorney to represent an indigent defendant in a civil case, it does allow the court to make an appropriate request that legal assistance be provided." *Loftin v. Dalessandri*, 3 F. App'x 658, 663 (10th Cir. 2001) (citing *Mallard*).

[7] *See, e.g., Leo v. Garmin Int'l.*, No. 10-2495-JTM, 2010 WL 4174643, at *1 (D. Kan. Oct. 20, 2010); *Patterson v. Davita Dialysis*, No. 09-2131-JAR-GLR, 2009 WL 902406, at *1 (D. Kan. Mar. 31, 2009).

[8] *Pinson v. Equifax Credit Info. Servs., Inc.*, 316 F. App'x 744, 749 (10th Cir. 2009).

3

to request an attorney to represent an indigent party under § 1915(e)(1), the courts evaluate the merits of the litigant's claims, "the nature and complexity of the factual and legal issues," and the litigant's ability to investigate the facts and present the claims.[9] The party seeking counsel under § 1915(e)(1) has the burden "to convince the court" that asserted claims have sufficient merit to warrant the Court requesting an attorney to represent the movant.[10]

The Court previously considered these factors when it denied a prior motion for appointment filed by Plaintiff.[11] Among other things, it found that (1) Plaintiff had not affirmatively shown that he asserts meritorious claims or that he cannot adequately research and investigate the case, (2) the factual and legal issues do not appear to be complex, (3) his written submissions reflect an understanding of court rules and procedures, and (4) he has reasonable access to law library and its materials.[12] Although Plaintiff has filed a memorandum to support his motion for appointment of counsel, he has presented nothing sufficient to alter the Court's view regarding requesting an attorney to represent him at this stage of the litigation. Neither the factual nor legal issues have grown more complex. Plaintiff still has reasonable access to a law library and its materials. His written submissions reflect an adequate understanding of court rules and procedures. And the merits of his claims remain uncertain. That the Court found previously pending motions to dismiss moot because of the amended complaint provides no indication that the claims have sufficient merit to warrant requesting

---

[9] *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

[10] *Id.*

[11] *See* Mem. & Order (ECF No. 47).

[12] *See id.* at 15-16.

an attorney to represent Plaintiff.

The Court recognizes that its perception of the merits and other factors relevant to the issue of appointment of counsel may vary over time.[13] Due to such variance, courts "often reevaluate the need for appointed counsel at various stages of the proceedings."[14] While "a court may well appoint counsel at the outset of a case, it might also decide to postpone the decision – for example, until after resolution of dispositive motions – in order to give itself both more time and more information to evaluate the plaintiff's capabilities and the merits of the case."[15] As aptly stated in *Ficken*:

> Other factors contribute to the tentative nature of orders denying appointment of counsel. Because district judges are reluctant to "squander[] [their] limited resources of attorneys willing to take pro bono appointments," they often postpone the appointment decision until after dispositive motions as a means of weeding out frivolous or unmeritorious cases. The timing of the appointment may also reflect the district court's assessment of the adequacy of the record for purposes of its own decision-making. A district court that initially denies a motion to appoint counsel because it feels comfortable resolving a motion to dismiss on the basis of a record produced by a pro se plaintiff may later appoint counsel to ensure the development of a record adequate for summary judgment or trial.[16]

The considerations discussed in *Ficken* are as relevant today as they were when pronounced in 1984. Given the burgeoning federal court dockets, increased *pro se* filings, and a seemingly ever decreasing pool of pro bono attorneys, the timing of a request for appointment of counsel arguably takes on more importance. In most cases the courts simply lack sufficient information about the merits of the claims and/or an inability of the plaintiff to present the case without counsel. And

---

[13]*See Ficken v. Alvarez*, 146 F.3d 978, 981 (D.C. Cir. 1998) (relying extensively on factors set out in *Poindexter v. FBI*, 737 F.2d 1173 (D.C. Cir. 1984)).

[14]*Id.*

[15]*Id.*

[16]*Id.*

5

because the movant has the burden to affirmatively show that asserted claims are meritorious, motions for appointment filed early in a case may not succeed. But by denying such motions without prejudice to a similar motion at a later stage of the litigation, the courts do not preclude appointment should it become apparent that counsel should be appointed.

For these reasons, the Court denies the motion for appointment of counsel. At this point in the litigation, the factors weigh against requesting an attorney to represent Plaintiff.

**V.     Conclusion**

For the foregoing reasons, the Court grants the Motion to Proceed *In Forma Pauperis* (ECF No. 77) and denies the Motion for Appointment of Counsel (ECF No. 78) and Plaintiff's Request for Defendant Keith Pattison to Answer Petition (ECF No. 85), which has been filed and docketed as a motion. The denial of the motion for appointment is without prejudice to Plaintiff filing a similar motion, if he survives summary dismissal. If the case proceeds to trial, furthermore, the Court may on its own motion reconsider whether the circumstances warrant a request for counsel to represent Plaintiff at that time.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 30th day of May, 2013.

S/Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge