# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

NICHOLAS A. COX,

        Plaintiff,

v.

                      CIVIL ACTION

                      No: 12-2678-KHV-GLR

ANN (LNU), et al.,

        Defendants.

## MEMORANDUM AND ORDER

The Court has under consideration (1) a Motion to Compel (ECF No. 59) filed by pro se Plaintiff Nicholas Cox; (2) Defendants Correct Care Solutions, LLC; Nurse Ann; and Nurse Valerie Rethaford Motion for Protective Order (ECF No. 73);[1] and (3) Defendant's [sic] Motion for Protective Order (ECF No. 76) filed by Defendants Denning and Dvorak.[2] The motions are fully briefed and ready for ruling. For the reasons that follow, the Court denies the motion to compel. It grants in part and denies in part the motions for protective order.

## I. Relevant Factual Background

Plaintiff, a pretrial detainee in the Johnson County Adult Detention Center, commenced this action by filing a civil complaint in state court. On October 18, 2012, Defendant Denning filed a notice of removal and paid the filing fee in this case. The Court has issued rulings on several motions in this action, including denying Defendants Joint Motion to Strike Plaintiff's First Request for Production of Documents (ECF No. 50). Plaintiff thereafter filed the motion to compel now before the Court. The motion to compel prompted the filing of the two motions for protective order.

---

[1]The Court will collectively refer to these defendants as "CCS Defendants."

[2]The Court will collectively refer to Defendants Denning and Dvorak as "County Defendants."

## II. Motion to Compel

Pursuant to Fed. R. Civ. P. 37(a)(2), Plaintiff moves to compel Defendants to produce documents responsive to his Request for Production of Documents. The Defendants initially oppose the motion for failure of Plaintiff to comply with D. Kan. Rule 37.2. The rule provides as follows:

> The court will not entertain any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P. 26 through 37, or a motion to quash or modify a subpoena pursuant to Fed. R. Civ. P. 45(c), unless the attorney for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion. Every certification required by Fed. R. Civ. P. 26(c) and 37 and this rule related to the efforts of the parties to resolve discovery or disclosure disputes must describe with particularity the steps taken by all attorneys to resolve the issues in dispute.
> A "reasonable effort to confer" means more than mailing or faxing a letter to the opposing party. It requires that the parties in good faith converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so.

Plaintiff concedes his non-compliance and seeks to excuse it as merely a procedural error. But this Court enforces procedural rules against all parties, whether represented or not.[3] Plaintiff has failed to fulfill the duty to confer, as required by D. Kan. Rule 37.2. He has presented no legitimate reason for the failure. Accordingly, the Court denies the motion on that basis.

The briefing on the motion to compel and related motions for protective order reveals a discovery dispute that should be easily resolved by the conferring process, so as to reach an appropriate compromise, acceptable to all parties. The briefing also indicates that the defendants are willing to produce responsive and non-objectionable documents under the protection of an appropriate order entered pursuant to Fed. R. Civ. P. 26(c). The denial of the motion to compel should not affect such agreed production.

---

[3] *See Brown v. Brotherton*, No. 07-CV-2192-JAR-GLR, 2007 WL 4144958, at *3 (D. Kan. Nov. 20, 2007).

**III. Motions for Protective Order**

CCS Defendants seek a protective order to restrict the reproduction of documents produced by them and to prevent Plaintiff from providing copies of produced documents to other inmates or detainees at the Johnson County Adult Detention Center. County Defendants seek a protective order to protect the confidentiality of documents produced in discovery. Both sets of defendants have submitted the same proposed protective order for entry by the Court. They contend that unrestricted production of requested documents creates a significant security risk. They argue that security risk is avoided by limiting disclosure of their policies and procedures only to Plaintiff and any experts or professional consultants.

Although they have agreed to produce non-objectionable documents under a protective order, Plaintiff has not agreed to entry of such protective order. Among other things, Plaintiff has sought production of his medical records, "Log reports" for his cell module, and policies and procedures of the defendants. He opposes the motions to the extent defendants seek to protect their policies and procedures from disclosure. He does not otherwise oppose an appropriate order to protect documents concerning individuals, such as deputies, medical personnel, or inmates.

Under Fed. R. Civ. P. 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The movant must show good cause for a protective order.[4] If the party opposing the discovery provides a sufficient basis for the Court to find good cause, the Court also considers other factors that were or could have been presented by the party seeking the discovery to determine whether the totality of

---

[4] *Layne Christensen Co. v. Purolite Co.*, 271 F.R.D. 240, 244 (D. Kan. 2010).

the circumstances justifies the entry of a protective order.[5]

Courts have broad discretion to decide when a protective order is warranted, and if warranted, the scope of protection required given the situation at hand.[6] Through Rule 26(c), the courts have "substantial latitude to fashion" an appropriate protective order after fairly weighing "the competing needs and interests of the parties affected by discovery."[7] Despite the broad grant of discretion given the courts, a protective order is only warranted when the movant demonstrates that protection is necessary under a specific category set out in Rule 26(c).[8] To establish good cause, a party must make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."[9]

Movants have shown good cause for an order to protect the confidentiality of documents produced through discovery in this action. They have also shown good cause to preclude unrestricted access to documents produced in discovery, including the policies and procedures of the defendants. Providing unrestricted access to the policies, procedures, and jail records (including log reports or books) creates an unnecessary security risk at the housing facility. To reduce the security risk

---

[5]*See*, *e.g.*, *Thomas v. IBM*, 48 F.3d 478, 483 (10th Cir. 1995) (noting factors demonstrating good cause for the court's protective order and then further considering that the party seeking the deposition made no attempt to demonstrate that the sought information could not be gathered from other sources, for whom a deposition might have been less burdensome); *Gazaway v. Makita U.S.A., Inc.*, No. 97-2287-JWL, 1998 WL 219771, at *3 (D. Kan. Apr. 16, 1998) (after finding an adequate showing of good cause, the court considered that "Plaintiff has shown no crucial need for the deposition" and that the plaintiff had not shown why discovery from others "has not or could not be obtained").

[6]*Layne Christensen Co.*, 271 F.R.D. at 244.

[7]*Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

[8]*Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 534 (D. Kan. 2003).

[9]*Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981).

inherent in providing unrestricted access to such materials and to protect the confidentiality of documents produced in discovery, the Court will separately enter an appropriate order that is modified from the order submitted by the defendants.

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** the Motion to Compel (ECF No. 59) filed by pro se Plaintiff Nicholas Cox and **GRANTS** in part and **DENIES** in part Defendants Correct Care Solutions, LLC; Nurse Ann; and Nurse Valerie Rethaford Motion for Protective Order (ECF No. 73) and Defendant's [sic] Motion for Protective Order (ECF No. 76). The Court will separately enter an appropriate order to protect the confidentiality of certain categories of documents produced in discovery in this case and to reduce the security risks associated with providing unrestricted access to jail records, policies, and procedures to inmates and detainees.

**IT IS SO ORDERED.**

**Dated in Kansas City, Kansas on this 27th day of June, 2013.**

S/Gerald L. Rushfelt
**Gerald L. Rushfelt**
**United States Magistrate Judge**