IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NICHOLAS A. COX,

                Plaintiff,

v.

ANN (LNU), et al.,

                Defendants.

CIVIL ACTION

No: 12-2678-KHV-GLR

## MEMORANDUM AND ORDER

The Court has before it a Motion to Compel (ECF 151). Plaintiff *pro se* seeks to compel Co-defendants Correct Care Solutions, LLC, Nurse Ann, and Valerie Rethaford (collectively, CCS Defendants) to answer interrogatories and produce requested documents and other information. He also seeks to compel further response from Defendant Keith Pattison to Interrogatory 1. of Plaintiff's Fifth Interrogatories and Request for Production of Documents. For the reasons here explained, the Court grants the motion in part and denies it in part.

**I. Timeliness of Motion.**

The CCS Defendants oppose the motion as untimely, because Plaintiff filed and served it more than 30 days after they responded to the interrogatories and requests in question. Regarding motions to compel discovery, the Scheduling Order (ECF 125) in this case provides as follows:

> "c. Any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 shall be filed and served within 30 days of the default or service of the response, answer, or objection which is the subject of the motion, unless the time for filing such a motion is extended for good cause shown. Otherwise, the objection to the default, response, answer, or objection shall be waived. *See* D. Kan. Rule 37.1(b)."[1]

---

[1] ECF 125 at 4.

CCS Defendants served their responses to Requests 2 and 4 of Plaintiff's Third Request for Production of Documents on August 12, 2013. They responded to the remaining interrogatories and requests on August 28 and September 12, 2013. Plaintiff filed the instant motion on October 23, 2013. Defendants note, however, that on September 25 he filed a Motion for Leave to File Protected Documents Under Seal (ECF 142). He attached to it a copy of the instant motion to compel. On October 22 the Court granted as unopposed the motion to file it under seal. And on the next day, October 23, Plaintiff filed it, as already noted.

The Court will sustain the objection of untimeliness with respect to Requests 2 and 4 of Plaintiff's Third Request for Production of Documents. As to those two requests Plaintiff filed both of his motions more than 30 days after August 12 and thus past the period allowed by the Scheduling Order and by D. Kan. Rule 37.1(b). The Court finds no merit in the objection of untimeliness, however, as to the other interrogatories and requests. The fact that his initial filing sought leave to file the motion to compel under seal hardly affords a valid reason to dump it altogether. To do so would indeed honor form over substance. Defendants have shown no prejudice to have resulted from the dates of filing.

**II. Requests 3, 4 and 5 of Plaintiff's Interrogatories and Request for Production of Documents.**

Plaintiff served interrogatories and requests for productions to the CCS Defendants, and they responded as follows to items 3, 4 and 5:

> 3. State the names, title, and duties of all C.C.S. staff members who were employed by or through C.C.S. from January 2012 to December 2012 other than the defendants. If those duties are set forth in any job description or other documents, please produce those documents.

OBJECTION: The CCS Defendants object to this request in that it is overly broad, not significantly limited in time and scope, and requests information not reasonably calculated to lead to the discovery of admissible evidence. Further, the names of employees of CCS employees are private, privileged, and confidential information.

ANSWER: Without waiving their objection, and subject thereto, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, see attached documents which include the titles and duties of CCS employees.

Plaintiff argues that his request is relevant and seeks information only as to employees or contractors who worked at the Johnson County jail. Defendants contend the request is nevertheless too broad, because it includes irrelevant time periods. They assert their objection of irrelevancy, because it seeks information as to persons who had nothing to do with Plaintiff. They also object that the requested information as to such persons is private and confidential.

The Court will grant the motion in part and deny it in part as to this Request 3. To the extent it has not already been disclosed to Plaintiff, the CCS Defendants shall provide the names, titles and duties of any C.C.S. staff members who worked at the Johnson County Detention Center between January 1 and June 16, 2012, who treated or were involved in the health care of Plaintiff. Unless they have already been produced, Defendants shall also produce for inspection and copying by Plaintiff any documents that state the duties of the persons thus identified. Privacy and confidentiality do not exempt the information from discovery, but do constitute a reason for protecting it. The responsive information, accordingly, shall be subject to the Protective Order that the Court has entered.

Item 4 and the response of Defendants are as follows:

4. Please produce any document in relation or about the termination or dismissal of employment of Dr. Keith Pattison, Valerie Rethaford, and Nurse Practitioner Nancy Lee. This includes any email. I mean termination in a vague sense to mean quit,

fired, or otherwise.

**OBJECTION**: The CCS Defendants object to this request in that it requests information related to personnel matters that are confidential, privileged, and private. Further, the information requested is not reasonably calculated to lead to the discovery of admissible evidence. None of the above named individuals discontinuation of employment and/or contractual relations with CCS was related to the care and treatment of Plaintiff.

Plaintiff suggests that the requested information is relevant, if any termination of employment was related to job performance. Defendants disagree. The Court finds that the requested information could be relevant with respect to Dr. Pattison and Valerie Rethaford. Although termination for either of them may have been unrelated to the care and treatment of Plaintiff, it could have related to professional negligence in the care of some other person, similar to what Plaintiff has alleged in this case. As requested by Defendants, and to which Plaintiff agrees, the Court will conduct an *in camera* review of this information, before making a final determination as to relevancy, confidentiality, and possible production to Plaintiff.

The Court does sustain the objection of irrelevancy as to Nancy Lee. She is not a defendant. Plaintiff has shown nothing to support relevancy of her termination.

Item 5 and the response of Defendants are as follows:

5. State the full names and addresses of all C.C.S. employees that were employed by or through C.C.S. from January 2012 through December 2012. This includes those who were terminated, fired, quit or otherwise no longer employed through or by C.C.S. and please include their titles and duties. Please produce any documents related to any termination, firing, or quitting.

**OBJECTION**: The CCS Defendants object to this request in that it is overly broad, not significantly limited in time and scope, and requests information not reasonably calculated to lead to the discovery of admissible (*sic*). Further, the names of employees of CCS employees are private, privileged, and confidential information. The CCS Defendants object to this request in that it requests information related to personnel matters that are confidential, privileged, and private. No employees

4

and/or contractual relationships were discontinued because of the care and treatment of Plaintiff.

In support of his motion, Plaintiff says he seeks the discovery only with regard to CCS employees who worked at the jail. Defendants nevertheless urge their objections. Interrogatory Request 5 somewhat duplicates Interrogatory 3 above. But it adds a request for addresses of the employees and a request for production of documents related to any cessation of employment. The Court will order production of the requested information, but limit it to persons who were employed by C.C.S. at the Johnson County Detention Center from January 2012 through June 15, 2012, and who had any contact or communication with Plaintiff during their employment there. As requested by Defendants, the Court will conduct an *in camera* review of the information before any final order of production. Any production of the documents will be subject to the Protective Order.

**III. Interrogatory and Request 1 of Plaintiff's Interrogatories and Request for Production of Documents**.

Interrogatory and Request 1 and the response of the CCS Defendants are as follows:

> 1. Who contacted Dr. Keith Pattison in regards to the discontinuing of my medications on June 1, 2012 or June 2, 2012 and what type of communication was it? If the communication was by email, produce all the emails and if it was by telephone, produce the telephone number used by Dr. Pattison to receive the call. If there is any documents in regards to that communication or communications produce the documents.
>
> **ANSWER**:   LPN Meagan Collar via telephone, number unknown. See previously produced document bates numbered CCS0070.

Plaintiff contends the answer here is incomplete. He wants the number that Defendants supposedly have on file for Dr. Pattison. Defendants respond that they have answered the

5

interrogatory; inasmuch as it does not ask for numbers on file, but for the specific number used by Dr. Pattison to receive the call. Their answer denies knowledge of that number. Defendants also suggest that, if the request sought numbers on file, their response would similarly be that the information is no longer available to them; because CCS and Dr. Pattison no longer have a contractual relationship. Whatever the relationship may now be, the Court finds that Defendants have adequately responded to the requested discovery. Accordingly, it denies the motion to compel further response to it.

### IV. **Plaintiff's Fourth Request for Documents, Nos. 2, 4 and 6.**

Plaintiff's Fourth Request for Documents, Item 2, and the response of the CCS Defendants, are as follows:

> 2. Produce all grievances (in CD format if it is less burdensome) from the year 2012 to C.C.S. There is a protective order in place and these grievances will only be used in regards to this case. CCS stores grievances that are specifically addressed as grievances to medical, nursing supervisor, or Health Service Administrator.
>
> **OBJECTION**: The CCS Defendants object to this request to the extent it seeks information that is not in the custody and control of these defendants. The CCS Defendants further object in that this request is overly broad, vague, ambiguous, unduly burdensome, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks information that contains private and privileged information, including health information, of other individuals in the custody of the Johnson County Detention Center. The CCS Defendant further object as they have previously responded to this request.

In support of his motion, Plaintiff has attached as Exhibit E a copy of a document, entitled "POLICY: Grievance Mechanism for Health Complaints," with the heading "CCS Correct Care Solutions Johnson County Adult Detention Facility." Under the heading "POLICY", its text proceeds as follows:

> <u>CCS maintains a grievance mechanism to address inmate's complaints about</u>

<u>health services.</u> Inmates have the right to communicate concerns regarding health treatment and services, and to receive a response within five (5) business days of receipt by health services personnel.

Under the heading "PROCEDURE" appear *inter alia* the following provisions:

    2. Grievance or complaint response shall include a face-to-face component for clinical issues but <u>may involve written correspondence</u> for simple questions and answers.

    3. Inmate grievances will be investigated and the inmate provided with a <u>written response.</u>

. . .

    7. <u>Copies of grievances and CCS's response</u> shall be sent to the Classification for review.

(Underscoring added.)

In response to the motion, the CCS Defendants state they ". . . have repeatedly told Plaintiff, the CCS Defendants do not have custody and control of grievances. Grievances are the property of the Sheriff's Department, not CCS. See Exhibit C. CCS has no authority to produce the documents requested."[2]

For several reasons the Court rejects the objection to Item 2 and the assertion that the CCS Defendants lack custody and control of grievances. What the parties have presented to the Court simply fails to support Defendants on this point.

First, Defendants have provided nothing but their own bare argument to support the contention that they lack custody and control. They have provided no testimony, no affidavit, no evidence. Simply to argue it in their briefing of the motion fails to carry the day.

Second, the Court infers from the above-quoted Exhibit E to the motion that, contrary to

---

[2]ECF 153 at 13.

7

their argument, Defendant CCS indeed does have custody and control of grievances. The Court finds nothing but bare argument to suggest anything to the contrary. The policy statement itself makes no mention of any Sheriff's Department. Its only identification of anything even related to the county is the heading, "CCS CORRECT CARE SOLUTIONS Johnson County Adult Detention Facility."[3] Defendants have made no effort to explain or refute the inference from this exhibit that they do have custody and control of grievances. Indeed the Court may readily infer from it that Defendant CCS, and not the Sheriff's Department, has either the sole or the predominant control and custody of them.

Third, the Johnson County Sheriff, himself a Co-Defendant, has not objected to the requested production. He was under no duty, of course, to respond to the initial request that was directed only to the CCS Defendants. If it were a concern, however, he certainly could and should have filed an opposing response to the motion. And, given their emphatic assertion that only the Sheriff has custody and control of grievances, the CCS Defendants themselves would certainly have elicited his co-operation and his own response or at least his affidavit against the motion.

Fourth, claiming they lack custody and control of grievances, the CCS Defendants have failed to assert any adequate objection on that point. In response to the request for production, they merely say, "The CCS Defendants object to this request <u>to the extent</u> it seeks information that is not in the custody or control of these Defendants." (Underscoring added.) That response fails completely to state any objection at all. If Defendants have no responsive documents, they should have said, "CCS Defendants have no grievances in their custody or control." They had

---

[3] ECF 151, Exhibit E.

no need to object; the appropriate answer was simply a denial. Their incomplete objection, on the other hand, identifies nothing specific to which it applies. Nor does it commit Defendants to produce anything "to the extent" it does not apply. It leaves the responding party–here the Plaintiff–with two alternatives: Abandon the request. Or go through the motion procedure, which Plaintiff has here done. Fed. R. Civ. P. 1, as well as the rest of the rules, does not condone this kind of nonsensical and inadequate response to discovery. The Court directs counsel to review the recent Order of Magistrate Judge O'Hara, condemning conditional answers to discovery.[4] Although the facts differ somewhat from those in this case, the directions of that order should be informative and helpful. In this instance, and independently of the other three reasons already stated, the inadequate response fails to preserve any objection upon which the Court should rule.

Defendants object that the request is overly broad in scope by seeking grievances without limiting them to medical complaints similar to that of Plaintiff. The Court agrees with Defendants on that point. Accordingly, any production of grievances will be limited to grievances similar to those of Plaintiff, that either medication or medical treatment was changed without adequate medical examination or supervision.

Defendants also object that production of grievances would be unduly burdensome, because they are filed by designation of inmate, not by topic. But again, the parties have failed to provide any evidence to support that objection. The request is not burdensome on its face. And the Court cannot rely simply upon the unsupported arguments of counsel in their briefing.

---

[4]*See Sprint Commc'ns. Co., L.P. v. Comcast Cable Commc'ns., LLC*, Case Nos. 11-2684-JWL, 11-2685-JWL, 11-2686-JWL, 2014 WL 545544 (D. Kan. Feb. 11, 2014).

The parties agree that grievances may contain health information, protected by law and particularly by HIPAA requirements. The Court agrees. That does not exempt them from discovery. Accordingly, upon their production of grievances the CCS Defendants may delete the names and other personal information that identify the grieving inmate and his or her family, including addresses, phone numbers, dates of birth, Social Security and any inmate identification numbers. They may also delete information that identifies his or her specific health problems or disabilities. They may not delete, however, descriptions of (1) complaints that medication or medical treatment has been changed without adequate medical examination and (2) the responses by any defendant to those complaints. Any production of grievances will be subject to the Protective Order the Court has entered.

Plaintiff's Fourth Request for Production of Documents, Item 4, and the response to it are as follows:

> 4. Provide the disciplinary files of Nurse Practitioner Nancy Lee, Valerie Rethaford, Nurse Ann, and Dr. Pattison. This includes any conduct reports, memos, or other documents in regards to their job performance.
>
> **OBJECTION**: The CCS Defendants object to this request in that it requests information related to personnel matters that are confidential, privileged, and private. Further, the request is overly broad, not limited in time and scope, and the information requested is not reasonably calculated to lead to the discovery of admissible evidence. The CCS Defendants further object to the extent this requests seeks information that is protected attorney-client privilege and/or work product.
>
> **RESPONSE**: Without waiving their objection, and subject thereto, none of the above named individuals were "disciplined" related to the care and treatment of Plaintiff and/or patients at the Johnson County Detention Center.

In his motion Plaintiff states that he does not seek medical data or information about records of lateness, leaves, vacations, pay scale, etc., but only what relates to handling of inmate

care and complaints, with "names of inmates being blacked out." He cites Fed. R. Evid. 404(b) to support relevancy.

CCS Defendants submit that the request is irrelevant in seeking the files for Nancy Lee, who is not a defendant. The Court agrees. Plaintiff has failed to provide any valid reason for seeking her files.

Defendants also argue that the disciplinary files for Dr. Pattison, Nurse Ann, and Valerie Rethaford are also irrelevant; because none of them received any discipline with regard to care and treatment of Plaintiff or other inmates. They cite *Murphy v. Deloitte & Touche Grp. Ins. Plan*, 619 F.3d 1151, 1163 (10th Cir. 2010), in support of their argument. The Court has no disagreement with *Murphy*, which does counsel against allowing broad fishing expeditions in discovery. *Murphy*, however, discusses the limited circumstances and boundaries for discovery that apply specifically to ERISA cases. While its broad principles also apply to discovery in other litigation, the Court does not read *Murphy* to prohibit the discovery that Plaintiff here seeks. The Court does agree that Fed. R. Evid. 404(b), perhaps not often invoked in civil litigation, does create relevancy for the disciplinary files of the co-defendants here.

CCS Defendants have not adequately supported any of their other objections to this item 4. They have requested, if the Court finds relevancy for the discovery, that it conduct an *in camera* review of the responsive documents prior to any production to Plaintiff. The Court will do so.

Plaintiff's Fourth Request for Production of Documents, Item 6, and the response to it are as follows:

6. Produce the plaintiff's files in possession of Mobilex USA. These can reasonably

11

be acquired by the defendants through a simple request.

> **OBJECTION**: All responsive documents in the custody and control of these defendants have been produced. This Request is overly broad and burdensome to the extent that it is requesting the CCS Defendants to expend the time and expense to collect Plaintiff's medical records from a medical provider that Plaintiff has equal opportunity to request his medical records from.

In support of this request, Plaintiff merely states he would like to have the requested records. The Court finds Defendants have adequately responded. They have no duty to produce documents not within their possession, custody or control. The Court denies the motion with regard to this Item 6.

**V. Plaintiff's Interrogatories and Request for Production of Documents, Nos. 2, 12, and 13.**

Plaintiff's Interrogatories and Request for Production of Documents, Items 2, 12, and 13 and the responses of the CCS Defendants to them are as follows:

> 2. Why did I receive no face-to-face medical evaluation during June 1, 2012 to June 15, 2012 in spite of my grievances and requests?
>
> **OBJECTION**: The CCS Defendants object to this interrogatory to the extent it seeks information from these defendants that they would have no knowledge of.
>
> **ANSWER**: Without waiving their objections, and subject thereto, the CCS Defendants state there were no requests for specific medical appointments during this time period, it was not necessary for Plaintiff to be evaluated by CCS employees, and Dr. Pattison did not request to see Plaintiff.
>
> . . .
>
> 12. What reasons did Valerie Rethaford have for not having me evaluated when I wrote the grievance(s) June 2, 2012? By evaluated I mean referred to triage, the clinic, or a mental health professional such as Dr. Pattison.
>
> **OBJECTION**: The CCS Defendants object to this interrogatory as it is overly broad, vague and ambiguous, and misstates the evidence.

**ANSWER**: Without waiving their objections, and subject thereto, the CCS Defendants state that there were no requests for specific medical appointments, it was not necessary for Plaintiff to be evaluated by CCS employees, and Dr. Pattison did not request to see Plaintiff.

13. In Interrogatory number 7 it states it was not necessary for me to be evaluated during 6/1/2012 through 6/14/2012. In my request for admissions it is admitted that I filled out a sick call slip. In C.C.S. 0510 confidential document, inmates are to be assessed in triage 24 hours after the sick call request. Why was I not evaluated per policy after I submitted my request on 6/8/12?

**OBJECTION**: The CCS Defendants object to this interrogatory as it is overly broad, vague and ambiguous, and misstates the evidence.

**ANSWER**: Without waiving their objections, and subject thereto, the CCS Defendants state that CCS0299, the medical request dated 6/8/12 does not request a medical appointment. Per policy in effect at the time, CCS0541, the request was triaged and responded to within 24 hours. No appointment was made as it was not necessary for Plaintiff to be evaluated by CCS employees and Dr. Pattison did not request to see Plaintiff.

Plaintiff faults the responsive answer to Interrogatory 2, because it was signed only by Mike Diviney, and not by Valerie Rethaford or Nurse Ann. The CCS Defendants report that the interrogatories were directed to them jointly, not separately, and that the lone signature of Diviney was sufficient for their joint answer. They identify Mr. Diviney as Health Services Administrator at CCS. They further state that Defendants Rethaford and Nurse Ann separately answered the later interrogatories, 12 and 13, which essentially duplicate Number 2. The Court finds no fault with the answers and signatures to these three interrogatories. Plaintiff has filed no reply to the response of Defendants and, consequently, has not controverted their assertions. The Court will deny the motion to compel additional response to them.

**VI. Plaintiff's Fifth Interrogatories and Request for Production of Documents, Item No. 1.**

Plaintiff's Fifth Interrogatories and Request for Production of Documents, Item No. 1, and the response of Defendant Keith Pattison are as follows:

> 1. What was your telephone number that Nurse Megan Coller called you on at 7:03 p.m., your phone number? Produce all incoming calls you received from your phone bill for June 11, 2012, the phone that you received the call from. If this is not in your possession your phone company will give it to you (sic).
>
> **ANSWER**: Objection. Said request seeks personal and propriety information not reasonably designed to lead to the discoverability of any admissible evidence. Without waiving this objection, this Defendant acknowledges he was contacted by Megan Collier at or about 7:03 p.m. on June 1, 2012. This defendant does not recall whether the call came on a land line or a cellular phone.

Plaintiff faults the failure of the Defendant for providing information about a phone call on June 1, rather than June 11. Plaintiff concedes that records of phone calls are proprietary or personal. He argues for their production, however, subject to the Protective Order that the Court has entered.

Defendant has not responded to the motion. Accordingly, the Court will grant the motion to compel him to further respond to this Interrogatory and Request 1**:** Defendant should state whether or not he received a phone call from Nurse Megan Coller on June 11, or only on June 1. He should also deliver to the Court for *in camera* inspection and later production, if ordered, all documents he may have within his possession, custody, or control that report any incoming phone call(s) from Nurse Megan Coller on either June 1 or June 11, 2012. Production of any such documents shall be subject to the Protective Order the Court has entered.

### VII. Conclusion.

As herein stated and as follows, the Court grants in part and denies in part the Motion to Compel (ECF 151):

1. Within fourteen (14) days of the date of this Order the CCS Defendants and Defendant Dr. Pattison shall serve additional responses to interrogatories and requests for production and produce responsive documents to Plaintiff for review and copying, all as herein above provided. Production shall occur at the residence of Plaintiff at the Johnson County Detention Center or at any other place to which the parties may agree.

2. Within fourteen (14) days of the date of this Order the CCS Defendants and Defendant Dr. Pattison shall deliver to the Court for *in camera* review those documents that have herein above been designated for such review. The Court will then determine to what extent those documents shall be produced to Plaintiff.

3. All documents produced in response to this Memorandum and Order shall be subject to the Protective Order the Court has entered.

4. The motion to compel is otherwise denied.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 27th day of February, 2014.

S/Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge