# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

NICHOLAS A. COX,

        Plaintiff,

v.

        CIVIL ACTION

        No: 12-2678-KHV-GLR

ANN (LNU), et al.,

        Defendants.

## MEMORANDUM AND ORDER

The Court has before it Defendant Correct Care Solutions, LLC's Motion to Find Plaintiff in Contempt of Court (ECF 171). It asks the Court to hold Plaintiff in contempt for having violated the Protective Order (ECF 102) by filing eight protected documents in an action designated as 13CV4426 in the District Court of Johnson County, Kansas. Plaintiff has responded to the motion. Defendant Correct Care Solution has replied to the response. The Court grants the motion as follows:

Fed. R. Civ. P. 37(b)(2)(A)(vii) governs the motion. It provides that, as to a party who disobeys a discovery order, the Court may impose upon him a sanction to include the following: ". . . treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination."

In furtherance of its motion, Defendant cites Paragraphs 13 and 17 of the Protective Order:

> 13. Protected Material produced in this litigation shall only be used for purposes of this litigation.
>
> . . .
>
> 14. Any willful violation of the terms of this Protective Order may, in

the discretion of the Court, be found to constitute a contempt of Court which
may result in sanctions to be imposed by the Court.

Plaintiff concedes the violation. It involved his filing the eight documents in litigation pending in the Johnson County District Court. He characterizes his conduct as an "accidental mistake" and not an intentional violation. He states he sought to file the documents under seal in the state action and that the Clerk there did not comply with his request. He suggests that Defendant has not shown any resulting harm. He further represents he has moved in the action in state court to strike the documents from public record. Finally, Plaintiff apologizes to this Court and commits himself to "take further precautions" to avoid any future violation.

In reply, Defendant Correct Care Solutions, LLC emphasizes it filed the motion, in order to prevent any future, improper use of the protected material. It did not seek to get Plaintiff in trouble, but rather brought its motion as a preventive measure against any continued or future violation of the Protective Order. Defendant asks for no specific sanction. It simply defers to the discretion of the Court.

Plaintiff proceeds *pro se.* The Court has denied his requests for appointment of counsel. That does not excuse him for having violated the protective order. But it does serve as a mitigating circumstance. Plaintiff has acknowledged the violation as a mistake and has extended his apology. He says he will not repeat the misconduct. He has sought to reduce any resulting damage.

To its credit, Defendant Correct Care Solutions, LLC, acknowledges the minimal impact of the violation. It also has an interest in upholding the effectiveness of the Protective Order to preserve the confidentiality of its protected documents. It seeks no specific punishment for the

violation, only what is appropriate to avoid further violation.

Defendant has shown the violation. Plaintiff admits it. The Court accepts his apology. It also recognizes the legitimate concern for parties to use care to obey the orders of any court and specifically including this Court. The Court grants the motion to find Plaintiff in contempt for having violated the Protective Order. It finds that Plaintiff failed to obey the Protective Order, by filing in litigation pending in Johnson County District Court documents that had been designated for use only in this litigation. For its sanction the Court admonishes Plaintiff to use due care and to refrain from any further use of documents protected by the Protective Order, except for use in the instant case. The Court finds that under the circumstances described by the parties and the Court, an award of expenses under Rule 37 would be unjust.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 27th day of February, 2014.

S/Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge