IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NICHOLAS A. COX,

                Plaintiff,

v.

                                                  CIVIL ACTION

ANN (LNU), et al.,                           No: 12-2678-KHV-GLR

                Defendants.

**MEMORANDUM AND ORDER**

The Court has before it Plaintiff's Motion for Screening Panels, or in the Alternative, Motion for Expert Witnesses (ECF 148). Plaintiff asserts in this case claims under 42 U.S.C. § 1983 and Kansas common law for damages allegedly arising from medical malpractice during his incarceration in jail in Johnson County, Kansas. The motion urges his need for expert medical opinions to support his claims against the co-defendants who are a doctor and nurses. Proceeding *pro se* and *in forma pauperis*, Plaintiff asserts his financial inability to retain an expert witness. He asks the Court to appoint medical screening panels, as authorized by K.S.A. 60-3501. In the alternative, he requests appointment of expert witnesses pursuant to Fed. R. Evid. 706(a) and D. Kan. Rule 26.4(a). For the following reasons the Court denies both motions; although the denial is without prejudice to any later motion for appointment of expert witnesses under the cited rules.

      **I. Motion for Screening Panels Under K.S.A. 60-3501, *et seq*.**

The Court notes that Plaintiff moved for appointment of a screening panel pursuant to K.S.A. 60-3502, which applies to professional malpractice liability actions. A "professional

malpractice liability action" is defined as any action for damages arising out of the rendering of or failure to render services by a "professional licensee," which is defined as not including "any health care provider as defined by K.S.A. 40-3401."[1] Medical malpractice screening panels are governed by K.S.A. 65-4901. However, the Court's analysis and reasoning would apply equally to a motion for appointment of a screening panel under either statute.[2] Rule 142 of the Rules of the Supreme Court of Kansas governs the procedure for screening panels under both statutes.

For several reasons the Court finds the motion for screening panels should be denied. First, the purpose in convening a screening panel is to encourage and facilitate the early settlement of claims of professional malfeasance. And to do so at an early stage of the law suit, thus to minimize and avoid the expense and delay of litigation. *Roy v. Young*, supports this as a limited purpose of the statute: "The legislature's intent in creating the screening panel procedure was to have claimants submit their malpractice claims for resolution, or at least screening, without the expense and delay of litigation."[3]

By contrast, the statute does not purport to serve as a mechanism for appointing an expert witness for the benefit of any one party over another, whether plaintiff or defendant, if the case does not settle. A screening panel consists of three experts, not just one. It also has a presider. The panel reviews the submissions of all parties, both plaintiff and defendant. It then issues a joint report, if possible, of its medical assessment. The rule does provide, if the case does not

---

[1] *See* K.S.A. 60-3502, 60-3501 and 40-3401.

[2] *See Roy v. Young*, 278 Kan. 244, 250, 93 P.3d 712 (2004) (noting that the provisions of K.S.A. 60-3501 *et seq.* and K.S.A. 65-4901 *et seq.* are, for all practical purposes, identical) (citing *Martindale v. Tenny*, 250 Kan. 621, 629, 829 P.2d 561 (1992)).

[3] 278 Kan. 244, 252, 93 P.3d 712, 718 (Kan. 2004).

settle, that the report may be admitted into evidence. But the primary purpose of the statute is to encourage early settlement and minimize the expense and delay of litigation.

This accords with Rule 142(c) of the Kansas Supreme Court. It requires that any motion for a screening panel be made within 60 days of completion of service of process on the parties whose professional conduct would be reviewed.[4] The appointment and convening of each panel itself generates substantial expense for the time and service of four professional persons—an expense that the parties themselves must pay, usually as part of the costs of the action.

Second, applying Kansas Supreme Court Rule 142(c), this Court finds the motion to appoint screening panels is in fact untimely. Plaintiff initiated this case by Petition, filed September 14, 2012, in the District Court of Johnson County, Kansas.[5] It named as defendants Nurse Ann, Valerie Rethaford, Sheriff Frank Denning, Dr. Pattison, and Correct Care Solutions, LLC as defendants.[6] They were served with process: Valerie Rethaford on September 26, 2012; Correct Care Solutions LLC, Nurse Ann, and Dr. Pattison on September 27, 2012, 2012.[7] After removal to this Court, an amended complaint, filed April 4, 2013, added Nurse Jane Doe and Nurse R as co-defendants.[8] Nurse R appeared as one of the Defendants who answered the amended complaint on April 16, 2013.[9] On October 22, 2013, Plaintiff filed the instant motion

---

[4] Ks. Sup. Ct. R. 142(c).

[5] ECF 10–1 at 2.

[6] *Id.*

[7] *Id.* at 15, 17–19.

[8] ECF 55.

[9] ECF 65.

for appointment of screening panels to include Nurse Megan Collar, whom he described as an LPN.[10] On November 18, 2013, Plaintiff filed a Second Amended Complaint, adding Megan Coller as a co-defendant.[11] On November 25, 2013, Megan Coller appeared as one of the defendants who filed an answer to the Second Amended Complaint.[12] As already noted, Rule 142(c) of the Kansas Supreme Court requires a motion for a screening panel to be made within 60 days of completion of service. Plaintiff filed a motion to file his motion for screening panels under seal on September 25, 2013. The Court granted the motion to file under seal, and Plaintiff filed his motion for screening panels on October 22, 2013. Here the 60-day deadline expired by November 26, 2012, as to defendants Nurse Ann, Valerie Rethaford, and Dr. Pattison, and expired as to Nurse R on June 15, 2013. The case has proceeded through a barrage of motions, briefing, pleadings, discovery, scheduling and status conferences.

In their supplemental briefing (ECF 163) Defendants have cited *Ellibee v. Chappas*, a case in which Magistrate Judge Sebelius applied Kansas Supreme Court Rule 142 to find that the request for a screening panel was untimely, when filed more than 60 days after the appearances of the defendants.[13] The Court agrees with the ruling in *Ellibee* and finds that the requests here are untimely.

**II. Alternative Motion for Appointment of Expert Witnesses.**

By his alternative motion Plaintiff asks the Court to appoint expert medical witnesses for

---

[10] ECF 148.

[11] ECF 159.

[12] ECF 161.

[13] No. 03-3023-JAR-KGS, 2006 WL 1192941, at *3 (D. Kan. May 3, 2006).

his benefit.  He invokes Fed. R. Evid. 706(a), which provides as follows:

> **(a) Appointment Process.**  On a party's motion or on its own, the court may order the parties to show cause why expert witnesses should not be appointed and may ask the parties to submit nominations.  The court may appoint any expert that the parties agree on and any of its own choosing.  But the court may only appoint someone who consents to act.[14]

The motion also invokes D. Kan. Rule 26.4(a), entitled Expert Witnesses.  It similarly provides as follows:

> **(a) Court-Appointed Experts.**  If a judge determines that the appointment of expert witnesses in an action may be desirable, the judge will order the parties to show cause why expert witnesses should not be appointed.  After opportunity for hearing, the judge may request nominations and appoint one or more such witnesses.  If the parties agree in the selection of an expert or experts, the judge will appoint the agreed expert or experts.  Otherwise, the judge may make the selection.  The judge will determine the duties of the witness and inform the witness thereof at a conference at which the parties will have an opportunity to participate.  A witness so-appointed must advise the parties of the findings of the witness, if any.  The judge or any party may call the witness to testify.  Any party may examine and cross-examine the witness.[15]

These rules do not limit the parties against calling their own expert witnesses.  Both rules have additional provisions for engaging and compensating the expert witnesses.

The Court can readily note that parties in civil litigation seldom invoke these two rules for appointment of expert witnesses.  Civil litigants generally follow Fed. R. Civ. P. 26 to retain their own expert witnesses and to disclose the subject matter of their expert opinions and anticipated testimony.  Consistent with Fed. R. Civ. P. 16, the Court has in this case issued a Scheduling Order to include deadlines for the parties thus to disclose their expert witnesses, their opinions, and related information as required by Rule 26.  It has extended those deadlines in this

---

[14] Fed. R. Evid. 706(a).

[15] D. Kan. Rule 26.4(a).

case to March 20 and May 20, 2014, respectively for Plaintiff and Defendants.[16]

Plaintiff has filed his present motion upon the assumption that he is and will remain financially unable to retain and thus designate his own expert witness(es). And he thus urges his inability to disclose any expert testimony, as required by Rule 26, to support his claims of medical malfeasance. He and Defendants agree that his claims require expert testimony. For his claim against Defendant Pattison, Plaintiff asks for appointment of "an expert in psychiatry with an osteopathic physician background."[17]

Defendants appropriately note and argue that federal law generally does not authorize the Court to appoint an expert witness to testify on behalf of an indigent Plaintiff in a civil case. Few exceptions exist, such as in employment discrimination claims under Title VII. But the parties have not shown, and the Court does not otherwise find, that any exception applies to this case. Plaintiff thus may have no medical proof for any of his claims.

The Court understands Fed. R. Evid. 706(a) and D. Kan. Rule 26.4 to create appropriate procedures, if it finds that expert testimony by one or more appointed witnesses would be appropriate and helpful to decide the case. Both rules address the discretion of the Court, either upon its own motion or that of one or more of the parties. They require no finding that the case would lack expert testimony without the requested appointment(s). Plaintiff has not shown, and the Court does not otherwise find, that these rules create any mandatory substitute for the requirements of Fed. R. Civ. P. 26. If the Court were to appoint any expert witness, all parties would participate in the selection process and most likely in sharing the costs.

---

[16]ECF 172.

[17]ECF 148 at 13.

From its review of the motion, the briefing of all the parties, the history of this case, and its current status, prior to any disclosures of expert testimony, dispositive motions, or final pretrial conference, the Court finds that the alternative motion for appointment of experts is premature. Accordingly, it denies it without prejudice for any party, Plaintiff or Defendant(s), to file a similar motion after the case has proceeded further with some or all of these additional procedures. The Court thereafter may or may not find that one or more expert witnesses should be appointed. Fed. R. Civ. P. 56 recognizes the possibility that additional facts and discovery may be necessary to determine a motion for summary judgment. Or, after entry of a final pretrial order that includes the contentions of the parties and the issues remaining for trial, the Court would be better able to determine whether or not it should appoint any expert witness and, if so, how many and for what issues.

### III. Summary.

For the foregoing reasons the Court denies the Motion for Screening Panels, or in the Alternative, Motion for Expert Witnesses (ECF 148). It denies the alternative motion for expert witnesses without prejudice to any party filing a similar motion for appointment of experts, after this case has proceeded further, at least through the current and any final deadline for dispositive motions.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this <u>14th</u> day of March, 2014.

S/Gerald L. Rushfelt<br>
Gerald L. Rushfelt<br>
United States Magistrate Judge