IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NICHOLAS A. COX,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ANN (LNU), et al.,<br><br>　　　　Defendants. | Case No. 12-2678-DDC-GLR |

## MEMORANDUM AND ORDER

In October 2013, pro se plaintiff Nicholas A. Cox filed a Motion for Screening Panels, or in the alternative, Motion for Expert Witnesses (Doc. 148). The Court referred this pretrial motion to the designated Magistrate Judge for determination through its standard procedure.[1] On March 14, 2014, the Magistrate Judge denied both motions – the latter one "without prejudice to any later motion for appointment of expert witnesses."[2] In doing so, the Magistrate Judge found plaintiff's request for a screening panel untimely and declined to exercise discretion to appoint an expert witness.[3] Plaintiff timely objected to the order of the Magistrate Judge.[4] The Court now considers those objections, a response to them (Doc. 192), a reply (Doc. 194), and the relevant filings addressing the October 2013 motion. For the reasons that follow, the Court overrules the Objections after reviewing the order of the Magistrate Judge, objections and relevant filings, and the governing law.

---

[1] *See* D. Kan. Rule 72.1.2(b).

[2] *See* Mem. & Order (Doc. 182) ("M&O").

[3] *See id.* at 4-7.

[4] *See* Obj'n Mag.'s Order (Doc. 186). The filing is also docketed as a motion for reconsideration. Because the filing is not a motion, the Court directs the Clerk of the Court to revise the docket entry to remove the notation referring to it as a motion for reconsideration.

Section 636(b)(1)(A) of Title 28 of the United States Code permits district judges to "designate a magistrate judge to hear and determine any pretrial matter pending before the court," except for specifically listed motions that are not at issue here. The district judge may review and reconsider any pretrial matter decided by a magistrate judge under the authority of subparagraph (A) when "it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

Rule 72(a) of the Federal Rules of Civil Procedure further guides a district judge's review of nondispositive pretrial orders by magistrate judges. It establishes a 14-day period for parties to object to such orders. And it mandates that the district judge "consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*

With respect to findings of fact, Rule 72(a) and § 636(b)(1)(A) adopt a deferential standard that requires the objecting party to show clear error. *In re Motor Fuel Temperature Sales Practices Litig.*, 707 F. Supp. 2d 1145, 1147 (D. Kan. 2010). "Under this standard, the Court is required to affirm the magistrate judge order unless the entire evidence leaves it 'with the definite and firm conviction that a mistake has been committed.'" *Id.* at 1147-48 (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988)). When a party objects to a legal matter, the Court independently reviews the issue to determine whether the ruling of the magistrate judge is contrary to law. *Id.* at 1148. For alleged legal errors, the Court "may set aside the magistrate judge decision if [the magistrate judge] applied an incorrect legal standard or failed to consider an element of the applicable standard." *Id.* Because magistrate judges are "afforded broad discretion in the resolution of nondispositive discovery disputes," the courts generally grant them great deference and overrule their determinations of such matters

2

"only if this discretion is clearly abused." *Smith v. MCI Telecomms. Corp.*, 137 F.R.D. 25, 27 (D. Kan. 1991).

Plaintiff disagrees with the Magistrate Judge's ruling about his request for a screening panel. *See* Obj'n Mag.'s Order at 1-3. And he objects to the ruling that denied his motion for appointment of an expert witness. *See id.* at 3-4. But after reviewing all relevant matters of record in this case, including the order of the Magistrate Judge, objections and relevant filings, and the applicable law, the Court finds nothing in the order either clearly erroneous or contrary to law. A review of the relevant filings does not leave the Court with a definite or firm conviction that the Magistrate Judge has committed any mistake. Nor does the Court find any clear error in the Magistrate Judge's legal conclusions, and the Magistrate Judge did not abuse his discretion.

Accordingly, the Court **OVERRULES** the Objection [to the] Magistrate's Order (Doc. 186) filed by plaintiff and **AFFIRMS** the Magistrate Judge's order (Doc. 182).

**IT IS SO ORDERED.**

Dated in Topeka, Kansas on this 12th day of June, 2014.

*[signature]*

**Daniel D. Crabtree**
**United States District Judge**

3