## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**NICHOLAS A. COX,**

                 **Plaintiff,**

                                        **CIVIL ACTION**

**v.**

                                        **No:  12-2678-DDC-GLR**

**ANN (LNU), et al.,**

                 **Defendants.**

## MEMORANDUM AND ORDER

The Court addresses two motions, filed by Plaintiff:  Motion for Appointment of Counsel or in the alternative Motion for Expert Witness Appointments and order allowing Defendant's Legal Books/Materials (ECF 235); and Motion for Continuance (ECF 241).  For the following reasons the Court denies both motions.  Upon its own motion it grants Plaintiff 21 days within which to respond to two of the outstanding motions for summary judgment, filed respectively by Defendant Dr. Pattison and by CCS defendants.

Plaintiff is incarcerated in state prison in Kansas.  He proceeds *pro se* and *in forma pauperis*.  He previously filed in this case two other motions for appointment of an attorney.  The Court denied both of them.  It did so without prejudice to a later motion for appointment, such as Plaintiff has here submitted.

The rules for appointment of an attorney to represent a litigant in United States District Court vary, depending upon the nature of the case.  In criminal prosecutions an indigent defendant has a constitutional right to appointment of counsel without cost to her or him.  In some civil cases a party may have a statutory right to appointment of counsel, e.g. to pursue a

claim under federal law for employment discrimination.

As noted in the Memorandum and Order of May 30, 2013 (ECF 95), in general there is no constitutional right to appointment of counsel in a civil case. *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). For parties proceeding *in forma pauperis,* 28 U.S.C. § 1915(e)(1) provides discretionary authority for the Court to "request an attorney to represent any person unable to afford counsel." *Loftin v. Dalessandri*, 3 F. App'x 658, 663 (10th Cir. 2001). The request addresses its discretion. The Court itself has no staff attorney and no retained panel of attorneys from which to make an appointment in a civil case. An attorney who agrees to such appointment will usually be donating his or her time and professional resources, serving the party *pro bono*. Consequently, the Court exercises this power sparingly. And it looks closely at the facts of record and the circumstances of the moving party, here the Plaintiff, to determine if they adequately support the motion. He bears the burden to justify his motion.

## 1. MERITS OF THE CLAIMS.

In his motion Plaintiff states, "Ultimately, the most important reason in deciding appointment of counsel is merit and this case has it." ECF 235 at 2. Simply to say that the case has merit, of course, does not make it so. To evaluate the merits, the Court must look at what is of record in the case. That includes the pleadings of the parties and exhibits or other evidence they may have submitted upon motions or hearings, if any. Addressing the motions here, the Court has reviewed the Amended Petition (Complaint) (ECF 159) and other matters of record. These include the pleadings, the briefing and exhibits submitted with previous motions and those that pertain to the pending motions for summary judgment.

The Amended Petition (ECF 159) asserts five claims for damages Plaintiff allegedly

suffered while incarcerated in the Johnson County Adult Detention Center.  He alleges that all the Defendants violated his rights to medical care.  They suspended his oral medication from June 1 through 15, 2012, without first examining him.  They failed to restore them, in spite of the grievances he filed.  He pleads that, "From 6/1/12 until 6/15/12, I received no medical attention despite numerous requests and grievances."  ECF 159 at 5.  Plaintiff admits he had violated institutional rules by "cheeking" the medicine when it was administered to him, but did so to delay the onset of drowsiness.  He pleads that the conduct of the Defendants violated 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments of the U. S. Constitution.  He claims Defendants also thus violated the Kansas Constitution, the Kansas Bill of Rights, and Chapter 60 of Kansas Statutes Annotated.  Counts 1, 2 and 3 of his pleading allege the federal claims.  Count 4 alleges claims under Kansas law against Defendants Correct Care Solutions, LLC, Dr. Keith Pattison, Nurse Ann, Nurse R., Nurse Megan Collar, and Nurse John Doe for gross negligence and wanton and intentional disregard for the safety of Plaintiff.  Count 5 alleges claims against Defendants Denning and Dvorak for grossly negligent and intentional misconduct in violating their duties as law-enforcement officers under K.S.A. §§ 19-1903, 19-1919, and 19-805(a).

Plaintiff alleges he suffered "unbearable withdraw symptoms" as a result of medical mistreatment.  ECF 159 at 8. They include "throwing up, stomach aches/pains, loss of appetite, no sleep for three days, the shakes, nausea suicidal thoughts, severe depression, and a broken middle knuckle on my middle finger of my right hand that I will suffer arthritis in for the rest of my life." *Id*.  The Amended Petition further alleges that Defendants had in place customs and policies that authorized the improper treatment he received and that they were deliberately indifferent to his medical needs, thus asserting claims under 42 U.S.C. § 1983.

If nothing more were required than the allegations of the Amended Petition, the Court could more readily determine the motion to appoint counsel.  Reviewing the rest of the record, and particularly the briefing and exhibits in support of the pending motions for summary judgment, however, the Court finds little if any evidence by deposition, affidavit, or medical records to adequately support the alleged claims.  Plaintiff has provided some personal evidence by his declaration.  Considering the remaining record, however, the Court finds little if anything to suggest a likelihood that the claims of Plaintiff are sufficient to prevail under Section 1983 and the Eighth and Fourteenth Amendments to the U.S. Constitution.  Plaintiff has the burden not only to plead, but also to prove by admissible evidence that Defendants were not simply negligent, but were indeed deliberately indifferent to a serious medical need.  With regard to Defendants Denning and Dvorak, who are sued as law-enforcement officers,  Plaintiff must also overcome their defenses of qualified immunity.

To support his claims under Kansas state law, Plaintiff would probably need one or more expert witnesses.[1]  Yet he apparently has designated none.  The deadline for such designation has long passed.  For reasons set forth in an earlier Memorandum and Order (ECF 95), the Court has denied the request of Plaintiff to appoint an expert witness.

Liability issues aside, the Court also considers what the record suggests with regard to the relief Plaintiff seeks.  He seeks both compensatory and punitive damages against all Defendants.  But the Court finds little if any persuasive evidence to suggest he has suffered substantial

---

[1]Conceivably these claims might proceed under the "common-knowledge" exception, without a supporting opinion of an expert witness.  Determining that possibility, however, may ultimately depend upon any relevant testimony or other evidence provided by Plaintiff.  Defendants have addressed this issue in the supporting memoranda for their motions for summary judgment.

compensatory damages caused by culpable conduct of the Defendants.  His pleadings describe complaints, both physical and mental, that he suffered during fifteen days of the alleged withdrawal of medications.  Notwithstanding substantial time to pursue discovery, however, the Court finds no medical records, testimony either lay or expert, or other evidence of record to show complaints or problems of a medical nature, caused by these Defendants.  Because Plaintiff was incarcerated, the Court might assume he himself incurred no medical bills, loss of income, or other actual damages.  Were he to prevail against any or all of the Defendants, the Court can hardly assume that his recovery for compensatory damages would exceed a few thousand dollars.  And it can only speculate as to any recovery for punitive damages.

The Court recognizes the possibility that its assumptions and analysis may be inaccurate.  At this point no one can predict with certainty the outcome of this case, if it proceeds to trial.  But to determine whether or not to appoint an attorney, it must assess the case as fully as possible, not only from the pleadings and the arguments of Plaintiff, but also from the rest of the record.  That includes an analysis both of what the record contains and what it does not but should contain as a basis for justifying a request for counsel.  The Court finds only a scant record to support the motion, beyond the bare allegations of the complaint itself.  "The applicant bears the burden of convincing the Court that his claims have sufficient merit to warrant appointment of counsel." *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).  In this case it does not find that Plaintiff has met that burden.

The Court notes a potential issue, not raised by the parties, regarding its jurisdiction over the subject matter of the case.  If the counts under the United States Constitution and 42 U.S.C. § 1983 fail to survive the motions for summary judgment, the Court may be without jurisdiction

5

over the subject matter of the remaining claims.  They arise under the laws of Kansas.  For

jurisdiction of this Court upon removal from the District Court of Johnson County, Kansas,

Defendants relied upon the pleading of the federal claims.   ECF 1.  They arise, of course, under

the Constitution and laws of the United States.  Subject-matter jurisdiction of this Court thus

depends upon 28 U.S.C. § 1331.  The claims under state law, by contrast, have no jurisdictional

basis in that statute.  And they appear to have no independent source for jurisdiction.  If diversity of

citizenship exists between Plaintiff and Defendants, jurisdiction may survive under 28 U.S.C.

§ 1332.  The Court does not know if diversity exists between Plaintiff and Defendants.  And it

makes no findings on that question at this time.  The issue of jurisdiction is not presently before the

Court.  And it does not address it as an issue upon the instant motions.  It merely notes it as a

potential issue which could arise upon determination of the dispositive motions.

## 2. ABILITY OF PLAINTIFF TO PRESENT HIS CLAIMS.

In determining if the Court should appoint an attorney to represent Plaintiff, it must also

determine his capability to represent himself, without an attorney.  Addressing that issue, the Court

notes that he has already shown a remarkable ability to represent himself for the past two years in

this case, as well as in other litigation.  He has filed numerous pleadings, motions, and memoranda.

He has cited and discussed a substantial number of relevant laws and reported cases.

Notwithstanding his custodial restrictions, he has been able to pursue his legal research to support

his claims and arguments and to oppose those of the Defendants.  He has represented himself in a

number of phone conferences the Court has conducted with him and defense counsel.  Given

reasonable time, he should be able to address at least two of the pending motions for summary

judgment.  If his ability as a lay litigant is imperfect, it nevertheless goes far beyond what this

6

Court has experienced over many years with regard to parties who have represented themselves *pro se* in civil litigation.  Plaintiff should be able to express himself adequately and testify in his own behalf at trial as to the relevant facts of his claims and to examine witnesses.  He has engaged substantially in motion procedure in this case, including citation and discussion of statutes and case law.

From his declaration, attached to his motion, the Court has noted a number of complaints Plaintiff asserts about the adequacy or inadequacy of the facilities and of his personal care and treatment at the prison where he is incarcerated.  The Court can recognize and assume that any imprisonment for a period of years, which Plaintiff is apparently serving, provides limited opportunities for pursuing a law suit and complying with the requirements of litigation.  The complaints of Plaintiff about his custodial treatment and his medical and personal care, as stated in his briefing, may or may not be valid.   A civil law suit, involving past conduct at another institution, is not the vehicle for addressing current personal, collateral issues outside the boundaries of this case.  The Court will note them to the extent they affect this particular litigation.  Plaintiff has nevertheless initiated this case.  It does not relate generally to the quality of his present prison life.  In all circumstances the Court will remain committed to making rulings as fair, just, and reasonable as it can for all parties.

The Court notes that Plaintiff has been able adequately to represent himself *pro se* in other litigation both in this Court and in the District Court of Johnson County, Kansas.  Addressing his custodial treatment, he filed an action against Sheriff Denning *et al.* in Johnson County District Court.  Defendants removed that case to this Court in June 2012: *Cox v. Denning, et al.*, 12-2454-EFM-JPO.  Plaintiff voluntarily dismissed that lawsuit November 6, 2012.  He filed the present

7

case in Johnson County District Court on September 14, 2012.  Defendants removed it to this

Court on October 18, 2012.

Plaintiff also has another case pending in this Court:  *Cox v. Denning, et al.,* 12-2571-DJW,

a civil rights action under 42 U.S.C. § 1983 and 42 U.S.C. § 2000cc.  He has filed three motions

for appointment of counsel in that case.  The Court has denied all of them.  Magistrate Judge David

Waxse denied the third one with the following comment:

> "Reviewing Plaintiff's present motion, as well as his other pleadings
> filed to date, under the above-referenced factors, the Court finds that Plaintiff's
> third request for appointment of counsel should be denied.  Plaintiff has been
> able to litigate his case without the assistance of counsel for well over two years.
> Plaintiff has thus demonstrated that he has sufficient ability to present and
> prosecute his claims, as evidenced by his filing a motion for summary judgment
> and responding to Defendants' motion for summary judgment.  Plaintiff should
> be able to continue to litigate this case, including presenting evidence at the court
> trial supporting his remaining claim for retaliation and for damages on the
> postcard-only policy claim, without the assistance of counsel.  Plaintiff's third
> motion for appointment of counsel is therefor denied."  *Cox* at ECF 159, p. 57.

Judge Waxse has set that case for trial on January 20, 2015.

Given the foregoing facts, this Court finds that Plaintiff has not satisfied his burden of

persuasion for appointment of an attorney to represent him in this case.  He can adequately

represent himself.  Notwithstanding this ruling, the Court does retain its discretion upon its own

motion to appoint an attorney for Plaintiff, if it later appears appropriate.  The Court retains that

power, of course, notwithstanding prior denials of appointment.

### 3. MOTION TO APPOINT EXPERT WITNESS.

Plaintiff requests that the Court appoint expert witnesses, if his motion for appointment of

counsel is denied.  For the reasons stated in its previous Memorandum and Order of March 14,

2014 (ECF 182) the Court denies this alternative motion.  As there noted, the Court may later

exercise its own discretion to appoint an expert witness as authorized by one or more of the rules: Fed. R. Civ. P. 56 (relating to motions for summary judgment); Fed. R. Evid. 706(a); D. Kan. Rule 26.4(a).  Unless the Court determines otherwise, however, any such appointment would be for the benefit of the Court, the trier of fact, and all parties, and not simply for the benefit of the Plaintiff or as a substitute for a retained expert witness under Fed. R. Civ. P. 26(a)(2).  Any further consideration for appointing an expert remains premature.

**4.  MOTION TO ORDER THE PRISON TO ALLOW GRANDMOTHER TO MAIL BY FIRST CLASS U.S. MAIL FOUR BOOKS.**

Plaintiff also asks the Court "to order the prison to allow my grandmother to mail by First Class U.S. Mail the following four books," all soft cover books:

1. " Prisoner's Self Help Litigation Manual" by John Boston;

2. "Jail House Lawyer's Handbook";

3. "Tortlaw for Paralegals";

4. "United States District Court of Kansas Rules of Practice and Procedure." ECF 235 at 6.

The Court assumes that "the prison" refers to the Kansas state institution in which Plaintiff remains in custody.  As Defendants have noted, neither the prison nor the State of Kansas are parties to this case.  Neither they nor Plaintiff have stated any grounds, and the Court otherwise knows of none, upon which it may exercise federal authority to order the State or its prison facility as a non-party to allow the requested mailing.  But the Court also knows of no valid reason to deny Plaintiff access to the books, if indeed such denial has occurred.  It can only assume that a legitimate reason exists.  This Court has no independent reason to deny permission for Plaintiff to receive the books by mail, if that is reasonably possible and in compliance with existing law and

government regulations, and particularly those of the State of Kansas.  The Court does recognize, for the purposes of this litigation, that it is appropriate for Plaintiff to have reasonable access to legal books and library facilities to assist him in representing himself *pro se* in this case. Notwithstanding this recognition, however, the Court denies the motion for lack of jurisdiction over the State of Kansas with regard to the requested mail procedure.

The Court infers from the motion that Plaintiff may not have a copy of "Rules of Practice and Procedure for District and Bankruptcy Court," effective March 17, 2014, for the United States District Court District of Kansas.  Those rules, of course, are relevant to this case.  Accordingly, with the entry of this order the Court is requesting the Clerk of the Court to transmit to Plaintiff a copy of the Rules to accompany a copy of this Memorandum and Order to him.

### 5.  MOTION FOR CONTINUANCE.

Plaintiff has also filed a Motion for Continuance.  ECF 241.  He thereby asks the Court "for a continuance of the response deadline to the C.C.S. defendants and Dr. Pattisons' [sic] Motions for Summary Judgment."  The motion proposes a new deadline, sufficient to allow the parties to brief the motion for appointment of counsel, which this Memorandum and Order has now addressed.  The CCS defendants oppose the instant motion upon grounds that the response deadlines have already expired and that a ruling upon the dispositive motions should not be further delayed.  Plaintiff did not reply to this opposition.  For these reasons and because the motion is now moot, the Court denies it.

Upon its own motion, however, the Court will re-open the time for Plaintiff to respond to the outstanding motions for summary judgment, filed by the CCS defendants (ECF 221) and by Dr. Pattison (ECF 216).  The Court thus re-opens the deadline to 21 days from the date of this

Memorandum and Order for Plaintiff to respond to these two motions for summary judgment.
That deadline coincides with the initial deadline for responses, as provided by D. Kan.
Rule 6.1(d)(2).

### 6.  SUMMARY.

For the foregoing reasons the Court denies the Motion for Appointment of Counsel or in
the alternative Motion for Expert Witness Appointments and order allowing Defendant's Legal
Books/Materials (ECF 235).  It also denies the Motion For Continuance (ECF 241).  Upon its own
motion it grants to Plaintiff 21 days from the date of this order within which to respond to
Defendant Keith Pattison, D.O.'s Motion for Summary Judgment (ECF 216) and CCS Defendants'
Motion for Summary Judgment (ECF 221).  It also directs the Clerk of the Court to transmit to
Plaintiff a copy of the "Rules of Practice and Procedure for District and Bankruptcy Court,"
effective March 17, 2014, for the United States District Court District of Kansas.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this <u>18th</u> day of November, 2014.

<u>S/Gerald L. Rushfelt</u>
Gerald L. Rushfelt
United States Magistrate Judge