IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NICHOLAS A. COX,  )<br>  )<br>       **Plaintiff,**  )<br>  )<br>v.  )<br>  )<br>ANN (LNU), et al.,  )<br>  )<br>       **Defendants.**  )<br>  ) | CIVIL ACTION<br><br>No: 12-2678-DDC-GLR |

## ORDER

This case is before the Court on *pro se* Plaintiff Nicholas A. Cox's request for recusal of the undersigned magistrate judge. On November 19, 2014, the undersigned entered a Memorandum and Order (ECF 250) denying Plaintiff's Motion for Appointment of Counsel or in the alternative Motion for Expert Witness Appointments and order allowing Defendant's Legal Books/Materials (ECF 235) and denying Plaintiff's Motion For Continuance (ECF 241). Upon its own motion, the Court granted Plaintiff 21 days from the date of the order to respond to two pending motions for summary judgment. The Court also directed the Clerk of the Court to transmit to Plaintiff a copy of the "Rules of Practice and Procedure for District and Bankruptcy Court," effective March 17, 2014, for the United States District Court, District of Kansas.

On November 26, 2014, Plaintiff filed an Objection to Magistrate's Memorandum and Order (ECF 251), which is currently pending before the District Judge. In his Objection, Plaintiff refers to the undersigned's November 19, 2014 Memorandum and Order. Plaintiff states that:

> I feel this ruling was disrespectful. It called me a liar in fancy court jargon. I respectfully request that the Court recuse itself because I don't feel that I will be able to give the Court its due respect in the future. (ECF 251 at 3).

The Court will treat this portion of the Objection as a request for recusal.

There are two statutes governing judicial recusal, 28 U.S.C. §§ 144 and 455.[1] For recusal under § 144, the moving party must submit an affidavit showing bias and prejudice.[2] The bias and prejudice must be personal, extrajudicial, and identified by "facts of time, place, persons, occasions, and circumstances."[3] These facts will be accepted as true, but they must be more than conclusions, rumors, beliefs, and opinions.[4] Here, Plaintiff has not filed an affidavit. Without an affidavit showing bias or prejudice and proper identification of events indicating a personal and extrajudicial bias, Plaintiff does not support a request for recusal under 28 U.S.C. § 144.

Under 28 U.S.C. § 455(a) and (b)(1) a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or if "he has a personal bias or prejudice concerning a party."[5] Section (b)(1) is subjective and contains the "extrajudicial source" limitation.[6] Recusal may be appropriate "when a judge's decisions, opinions, or remarks stem from an extrajudicial source—a source outside the judicial proceedings."[7] Recusal is also necessary when a judge's actions or comments "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible."[8]

---

[1] *Burleson v. Sprint PCS Group*, 123 F. App'x 957, 959 (10th Cir. 2005).

[2] *Id*. (citing *Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988)).

[3] *Id*. at 960 (quoting *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987)).

[4] *Id*.

[5] 28 U.S.C. § 455(a) and (b)(1).

[6] *See Liteky v. United States*, 510 U.S. 540 (1994).

[7] *United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005) (citing *Liteky*, 510 U.S. at 554–55).

[8] *Id*. (quoting *Liteky*, 510 U.S. at 555).

Section 455(a) has a broader reach than subsection (b) and the standard is not subjective, but rather objective.[9] The factual allegations need not be taken as true, and the test is "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality."[10] A judge has a "'continuing duty to ask himself what a reasonable person, knowing all of the relevant facts, would think about his impartiality.'"[11] "The goal of section 455(a) is to avoid even the appearance of partiality."[12]

The initial inquiry—whether a reasonable factual basis exists for questioning the judge's impartiality—is limited to outward manifestations and the reasonable inferences to be drawn from those manifestations.[13] "[T]he judge's actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue."[14] "The trial judge must recuse himself when there is the appearance of bias, regardless of whether there is actual bias."[15]

The Tenth Circuit has cautioned that "section 455(a) must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest

---

[9] *See Nichols v. Alley*, 71 F.3d 347, 350 (10th Cir. 1995) (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 858 n. 7 (1988) and *Liteky*, 510 U.S. at 548).

[10] *Id*. at 350–51(quoting *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993)); *Burleson*, 123 F. App'x at 960.

[11] *United States v. Greenspan*, 26 F.3d 1001, 1005 (10th Cir. 1994) (quoting *United States v. Hines*, 696 F.2d 722, 728 (10th Cir. 1982)).

[12] *Liljeberg*, 486 U.S. at 860.

[13] *Nichols*, 71 F.3d at 351 (citing *Cooley*, 1 F.3d at 993).

[14] *Id*. (quoting *Cooley*, 1 F.3d at 993).

[15] *Bryce v. Episcopal Church of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002) (citing *Nichols*, 71 F.3d at 350).

3

unsubstantiated suggestion of personal bias or prejudice."[16]  A judge has "as much obligation . . . not to recuse when there is no occasion for him to do so as there is for him to do so when there is."[17]  Judges have a duty to sit when there is no legitimate reason to recuse.[18]  Courts must exercise caution in considering motions for recusal in order to discourage their use for judge shopping or delay.[19]

The Supreme Court has explained that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."[20]  When no extrajudicial source is relied upon as a ground for recusal, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."[21]  The Court finds that no reasonable person would believe that the undersigned's November 19, 2014 Memorandum and Order (ECF 250) implicates the level of "deep-seated favoritism or antagonism" that would make recusal proper. Knowing all of the relevant facts, no reasonable person could harbor doubts about the undersigned's impartiality.  Because the undersigned has a duty to sit and hear this case where

---

[16]*Cooley*, 1 F.3d at 993 (quoting *Franks v. Nimmo*, 796 F.2d 1230, 1234 (10th Cir. 1986)).

[17]*David v. City & Cnty. of Denver*, 101 F.3d 1344, 1351 (10th Cir. 1996) (quotation omitted); *Greenspan*, 26 F.3d at 1005 (citation omitted).

[18]*Bryce*, 289 F.3d at 659; *Nichols*, 71 F.3d at 351.

[19]*Nichols*, 71 F.3d at 351 (noting that § 455(a) is not "intended to bestow veto power over judges or to be used as a judge shopping device"); *Cooley*, 1 F.3d at 993 (noting that Congress was concerned that § 455(a) might be abused as a judge-shopping device).

[20]*Liteky*, 510 U.S. at 555.

[21]*Id.*

there is no legitimate reason for recusal, Plaintiff's request for recusal as set forth in the Objection to Magistrate's Memorandum and Order (ECF 251) is denied.  The remainder of the Objection remains pending before the District Judge.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 18th day of December, 2014.

S/Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge
